[Crim. No. 6790. Fifth Dist. Feb. 24, 1984.]

THE PEOPLE, Plaintiff and Respondent, v.
JERRY THOMAS MITCHELL, Defendant and Appellant.

**COUNSEL**

Jerry Thomas Mitchell, in pro. per., for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Eddie T. Keller and Charles P. Just, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**ZENOVICH, J.**—Jerry Thomas Mitchell appeals from the denial of a motion brought by the Board of Prison Terms to recall the sentence imposed for his conviction of violating Penal Code section 211 (robbery) and a Penal Code section 12022.5 finding (gun use).

Appellant and two accomplices were responsible for the robbery of a Taco Bell fast food restaurant in Bakersfield. Appellant and one accomplice en-

tered the victim's premises while a third waited in a getaway car. Appellant used a firearm during the commission of the offense.

Appellant was sentenced to the aggravated term of five years on the robbery, plus a two-year enhancement for the gun use, for a total of seven years. Subsequent to his commitment to prison, the Board of Prison Terms reviewed appellant's sentence to determine if it was disparate, pursuant to the requirements of Penal Code section 1170, subdivision (f). The board did, in fact, find that appellant's sentence was disparate in comparison to sentences received by others convicted of similar offenses and recommended that appellant be resentenced to a total term no greater than 60 months.

The board's conclusion was the result of a process of comparison developed by the board involving automated screening procedures and utilizing a comparison group. Initially, appellant's case was compared with those of others convicted of the same principal offense. At this initial stage of review, appellant's case was flagged as one in need of closer scrutiny because statistical comparisons developed by the board revealed a substantial variance between appellant's sentence and those of others convicted of similar offenses. After initial identification of the case as variant, it was referred to the sentence review unit for closer scrutiny.

This unit gives attention to a number of factors to determine if the case is, even after a review of those factors, variant. If the sentence review unit believes the case to be disparate after this review, it prepares a detailed analysis of the case for presentation to a board panel of two members and one hearing representative. The determination that a case is disparate and should be referred to the sentencing court results from the exercise of this panel's discretion.

Appellant's case was compared with all other cases where the principal offense was a violation of Penal Code section 211, robbery. Comparison with all 5,964 cases in this group generated the sentence distribution used in the initial screening process which indicated that this case should be subjected to further scrutiny.

In further reviewing appellant's case, the board then used a subgroup of the 5,964 cases which the board determined were sufficiently comparable to appellant's case to allow meaningful comparison. This subgroup contained appellant and 31 other persons having the following factors in common: the principal offense of robbery; not on probation or parole at the time of earliest present offense; one prior conviction as an adult; no prior juvenile conviction; no prior prison or jail terms served; no unstayed subordinate counts; one Penal Code section 12022 series enhancement pled and proved;

criminal behavior occurring in a single event; weapon used by offender to threaten; no injury to any victim; offense occurring on or after January 1, 1979.

The board compared the sentence imposed in appellant's case with information regarding sentences in this state imposed by superior court judges sentencing other persons convicted of similar crimes under similar circumstances. The board found that a substantial difference exists between the sentence imposed on appellant and the sentences imposed on others convicted of similar crimes under similar circumstances. The board concluded that appellant's sentence is disparate and that the source of disparity was the imposition of the upper term.

## DISCUSSION

Appellant first contends that the trial court's denial of the motion of the Board of Prison Terms to recall appellant's sentence and to resentence appellant was an abuse of discretion. Although somewhat inconsistent with his initial contention, appellant also contends that the court's insufficient statement of reasons precludes this court from effectively reviewing the record so as to determine whether or not the trial court abused its discretion.

In *People* v. *Herrera* (1982) 127 Cal.App.3d 590 [179 Cal.Rptr. 694], the court stated in pertinent part as follows: "In determining the merits of a motion brought under section 1170, subdivision (f),[1] a trial court must undertake a two-part analysis: First, it must determine whether the sentence imposed was indeed disparate. Secondly, if the court finds that the sentence is disparate, this fact must be given great weight in the court's decision whether or not to recall the sentence.

". . . . . . . . . . . . . . . . . . . . . . . .

"If, after giving serious consideration to the Board's finding, a judge finds

---

[1] Penal Code section 1170, subdivision (f)(1), provides: "Within one year after the commencement of the term of imprisonment, the Board of Prison Terms shall review the sentence to determine whether the sentence is disparate in comparison with the sentences imposed in similar cases. If the Board of Prison Terms determines that the sentence is disparate, the board shall notify the judge, the district attorney, the defense attorney, the defendant, and the Judicial Council. The notification shall include a statement of the reasons for finding the sentence disparate.

"Within 120 days of receipt of this information, the sentencing court shall schedule a hearing and may recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if the defendant had not been sentenced previously, provided the new sentence is no greater than the initial sentence. In resentencing under this subdivision the court shall apply the sentencing rules of the Judicial Council and shall consider the information provided by the Board of Prison Terms."

that the sentence he imposed was not disparate no further inquiry is necessary and the judge may deny the motion. On the other hand, if the judge agrees with the Board's finding that the sentence imposed was disparate, he is required to undertake the second part of the analysis described above.

"The procedure that must be undertaken to meet the 'great weight' standard in the second part of the analysis does not lend itself to easy description or definition. Typically, however, it would require that the judge question the 'observed sentencing pattern' relied on by the Board. Even though the judge may agree that the sentence he imposed does not conform to the 'observed sentencing pattern' relied on by the Board (and is therefore disparate), he may question the underlying rationale of the sentencing pattern practiced by the majority of his colleagues. In other words, observed sentencing patterns should be treated as guidelines to help promote uniformity of sentencing; they should not function as immutable rules which place judicial discretion in a straight jacket." (*Id.*, at pp. 601-602.)

Following a review of the board's resentencing recommendation and argument of counsel on the subject, the court concluded as follows: "The case has gone to the Fifth District on appeal and has been sustained. We have nothing illegal involved. The question is whether the sentence was disparate, and I agree with Ms. Spencer [district attorney] that the comparison group was not valid and reliable group factors they considered as stated, they are those required by the judicial council in which the Appellate Court has sustained. So the motion for reduction in sentence is denied. The court finding that the sample used by the Board of Prison Terms is not a valid comparison group."

■ Thus, the issue before us is whether the trial court is required to give an adequate statement of reasons for its determination of whether a sentence is disparate or not disparate. We conclude such requirement is not manifest in Penal Code section 1170, subdivision (f), and thus, under the circumstances, the trial court did not abuse its discretion.

Penal Code section 1170, subdivision (f), requires the Board of Prison Terms to include a statement of reasons for finding the sentence disparate, but does not provide any guidance as to what procedure should be followed by the trial court in hearing the motion nor require the trial court to make findings of any kind in ruling on the motion. The apparent intent of the Legislature in authorizing review procedure under section 1170, subdivision

(f), was to inform the trial judge that a sentence he or she imposed may be "disparate" and therefore contrary to the major purpose of the Determinate Sentencing Act and no more.

The Legislature is well aware that it can require a trial judge to follow a specific procedure or to make findings through the use of appropriate statutory language. It did not do so when enacting Penal Code section 1170, subdivision (f), thus making it virtually impossible for the losing party to attack the judgment of the court on specific grounds and somewhat equally impossible to determine on appeal whether the trial court abused its discretion.

 In the case before us the trial court had before it all the materials which the board used to base its recommendation. The court expressly relied upon the reasons given by the district attorney in denying the sentence reduction motion, thereby adopting those reasons. The prosecution argued that the comparison group used in appellant's case was not valid. It argued that two factors which were used by the board were irrelevant: the amount of the victim's loss and the number of accomplices in the case. The prosecution also argued that the board did not take into account factors in aggravation which were considered by the court and which were proper factors in aggravation under the rules promulgated by the Judicial Council. The factors considered in aggravation by the court in sentencing appellant originally were that he occupied a position of leadership and the way in which the crime was committed showed premeditation and planning. These factors were not among the factors considered by the board in stacking the comparison groups.

Although the court did not state on the record a detailed enumeration of the factors going into its determination, it did state that it had considered the factors relied upon by the board and agreed with the prosecution that they were not persuasive. Thus, on this record and since Penal Code section 1170, subdivision (f), does not require the trial judge to make findings of any kind, we conclude that the court did not act arbitrarily, capriciously or exceed the bounds of reason when it found some of the factors not "valid" for comparative purposes in this case. An abuse of discretion exists only when the court acts arbitrarily, capriciously, displays "'whimsical thinking'" or "exceeds the bounds of reason, all of the circumstances being considered." (*People* v. *Giminez* (1975) 14 Cal.3d 68, 72 [120 Cal.Rptr. 577, 534 P.2d 65]; *People* v. *Bradford* (1976) 17 Cal.3d 8, 20 [130 Cal.Rptr. 129, 549 P.2d 1225].) Notwithstanding our conclusion herein, in aid of appellate review we urge trial courts to make findings and give reasons when determining whether a sentence is or is not disparate.

The judgment is affirmed.

Franson, Acting P. J., and Gallagher, J.,* concurred.

.

---

*Assigned by the Chairperson of the Judicial Council.