[No. B004285. Second Dist., Div. Six. Feb. 13, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
KAREN RUTH GLENN, Defendant and Appellant.

**[Opinion certified for partial publication.†]**

†Pursuant to rule 976.1 of the California Rules of Court this opinion is certified for partial publication. [Reporter's Note: The portion published reflects the directions of the court.]

COUNSEL

William Bud Walls II, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Andrew D. Amerson and Marc E. Turchin, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**GILBERT, J.**—We affirm the sentence of Karen Glenn who pleaded guilty to 11 counts of forgery. (Pen. Code, § 470.[1])

In addition to a prison sentence, the judge imposed a $5,000 fine payable to the state restitution fund on count 1 which Glenn committed in 1984. (Pen. Code, § 1202.4.)

II

██ ██ Defendant Glenn challenges the constitutionality of the $5,000 restitution fine imposed in addition to her prison term pursuant to section 1202.4. She argues that (a) section 1202.4 is vague and uncertain because it fails to provide enforcement procedures, and (b) it constitutes on its face and as applied to her an invidious discrimination against poverty which violates equal protection.

The "Victims' Bill of Rights" enacted on June 8, 1982, required the Legislature to adopt provisions to implement the right of crime victims to receive restitution from persons convicted of crimes. (Cal. Const., art. I, § 28, subd. (b).) Pursuant to this constitutional amendment, a statutory scheme for restitution was enacted effective January 1, 1984, which requires the sentencing judge to impose fines and penalties.

Section 1202.4 requires the judge, when a defendant is convicted of a felony, to "order the defendant to pay a restitution fine as provided in subdivision (a) of Section 13967 of the Government Code."[2] Section 13967 requires the judge to impose a restitution fine of $100 to $10,000 on one convicted of a felony plus the penalty assessment provided in section 1464, subdivision (a).

---

[1] All references are to Penal Code unless otherwise specified.

[2] In 1984 Government Code section 13967 subdivision (a) provided in pertinent part: "Upon a person being convicted of any crime in the State of California, the court shall, in addition to any other penalty provided or imposed under the law, order the defendant to pay a restitution fine in the form of a penalty assessment in accordance with Section 1464 of the Penal Code. If the person is convicted of one or more felony offenses, the court shall impose a separate and additional restitution fine of not less than one hundred dollars ($100) and not more than ten thousand dollars ($10,000). In setting the amount of the fine for felony convictions, the court shall consider any relevant factors including, but not limited to, the seriousness and gravity of the offense and the circumstances of its commission, any economic gain derived by the defendant as a result of the crime and the extent to which others suffered losses as a result of the crime. Such losses may include pecuniary losses to the victim or his or her dependents as well as intangible losses, such as psychological harm caused by the crime. Except as provided in Section 1202.4 of the Penal Code, under no circumstances shall the court fail to impose the separate and additional restitution fine required by this section."

The section 1202.4 restitution fine is mandated in addition to any other fine or penalty, and "shall be ordered regardless of the defendant's present ability to pay." The court may consider the seriousness of the offense, the circumstances of its commission, the economic gain to the defendant, and the extent of the losses (pecuniary and intangible) suffered by others as a result of the offense(s) in determining the restitution fine. The court may waive imposition of that portion of the restitution fine which exceeds the statutory minimum only if it finds "compelling and extraordinary" reasons for so doing, which it must state specifically in the record.

■ Defendant Glenn argues that the judge's uncertainty whether section 1202.4 required a minimum $100 restitution fine for each offense committed after January 1, 1984, and whether a restitution fine could be imposed on an indigent defendant indicates the statute is unconstitutionally vague. ■ Vague language in criminal statutes "creates the danger that police, prosecutors, judges and juries will lack sufficient standards to reach their decisions, thus opening the door to arbitrary or discriminatory enforcement of the law." (*Pryor* v. *Municipal Court* (1979) 25 Cal.3d 238, 252 [158 Cal.Rptr. 330, 599 P.2d 636].)

■ To evaluate a claim of vagueness, the court looks first to the language of the statute, then to its legislative history and finally to California decisions which have construed the statute. (*People* v. *Mirmirani* (1981) 30 Cal.3d 375, 383 [178 Cal.Rptr. 792, 636 P.2d 1130].) ■ The claim of vagueness here is belied by the statutory language. (*Hensley* v. *Peace Officers Training Fund* (1972) 22 Cal.App.3d 933 [99 Cal.Rptr. 728].) Section 1202.4 requires the judge to impose on a person convicted of a felony a restitution fine. (Gov. Code, § 13967.)

Defendant Glenn courageously mounts a further challenge to the statute based on its lack of provisions to enforce her payment. These provisions are found in other statutes. The restitution fine is a debt which defendant owes to the state. (Gov. Code, § 13967.5.) The Director of Corrections may deduct up to 20 percent of any wages paid defendant while in prison for transfer to the State Board of Control to her credit with the restitution fund. (§ 2085.5.) Thereafter the state Controller is authorized to enforce payment "in the manner provided for the enforcement of money judgments generally." (§ 1214.)

■ Glenn also argues that the provision for imposition of the restitution fine regardless of the defendant's present ability to pay "constitutes an invidious discrimination on the basis of wealth in violation of the equal protection clause of the Fourteenth Amendment." (*In re Antazo* (1970) 3 Cal.3d 100, 104 [89 Cal.Rptr. 255, 473 P.2d 999].) The *Antazo* decision is

inapposite. As a condition of probation Antazo and his codefendant were each ordered to pay a fine and a penalty, provided that, in lieu of payment, the respective defendant might be imprisoned in the county jail one day for each $10 he failed to pay. Defendant Antazo, who lacked funds, was incarcerated while his codefendant paid and was released. The court found this provision unconstitutional, but expressly refrained from holding that ". . . the imposition upon an indigent offender of a fine and penalty assessment, either as a sentence or as a condition of probation, constitutes of necessity in all instances a violation of the equal protection clause." (*Id.* at p. 116.)

Imprisonment of a defendant for failure to pay the restitution fine is prohibited. (§ 1205.5.) Defendant Glenn cites no authority, and makes no showing that imposition of a restitution fine otherwise violates equal protection.

The judgment (order imposing sentence) is affirmed.

Stone, P. J., and Abbe, J., concurred.