[No. F004289. Fifth Dist. May 8, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
CONSUELO GOMEZ ROMERO, Defendant and Appellant.

**COUNSEL**

Mark D. Greenberg, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Joel Carey and Esteban Hernandez, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**WOOLPERT, Acting P. J.**—Sixty years ago "Mrs. Floyd Magoni" was convicted of two sales of jackass brandy. She was sentenced to serve jail time and fined $2,000. She appealed, claiming the fine to be excessive. The trial court gave no reason for the fine which was the maximum amount allowed by law. (*People* v. *Magoni* (1925) 73 Cal.App. 78.) The appellate court affirmed, concluding the fine imposed in the superior court was not disproportionate to the offense, was not shocking to public sentiment and in

the judgment of reasonable people, would be right and proper under the circumstances. This conclusion was based on a bit of evidence which the court summarized: "A witness for the prosecution testified: 'Accompanied by Haacke we visited defendant's residence and had several drinks of jackass brandy served by the defendant and for which Haacke paid fifty cents per drink. Mr. Haacke asked the defendant for a pint bottle of jackass. Defendant stated that she had to be awful careful. Afterwards Mrs. Magoni brought in a pint bottle for which Haacke paid three dollars. A pint bottle of jackass, for which Haacke paid three dollars. . . . He proceeded to put it in his bib overalls, when Mrs. Magoni said, "Don't put it there, if they catch you they will see it." Mr. Haacke handed the bottle back to Mrs. Magoni and she wrapped it up in a paper sack. She says, "If you meet anybody in the road, . . . dash it to the ground and break it." ' The trial court, in fixing the amount of punishment, may have inferred from this evidence that the defendant was not a novice in the unlawful sale of liquors." (*Id.*, at p. 81.)

In our case, defendant has been fined $250 in addition to her prison sentence. This is a new restitution fine which applies to all felony convictions. Under certain circumstances the fine may be waived; it may be as high as $10,000. Here, as in the case of Mrs. Magoni, the judge did not give reasons for selecting the particular fine. Because of the determinate sentencing law, counsel urges we should strike the fine or remand the case for a statement of reasons. We do neither. Instead, although concluding the fine has the appearance of a "sentence choice," we hold that the determinate sentencing rules applicable to the superior court do not require a formal statement of reasons when fines are imposed. As in the municipal court, the test on appeal is the traditional one requiring the fine to be supported by the record. We do suggest reasons should be given to make appellate review more meaningful.

One afternoon in 1984 defendant and a friend were arrested as shoplifting suspects. Nine packages of sheets worth about $280 were recovered. Initially defendant was charged with burglary, receipt of stolen property, use of heroin and possession of paraphernalia. Subsequently, a plea bargain was struck; in exchange for defendant pleading guilty to receiving stolen property (Pen. Code, § 496), all other counts against her were dismissed.

At the sentencing hearing defendant's counsel urged the court to impose the mitigated prison term. Probation was not suggested. Noting defendant was on parole when the current offense was committed, the court imposed the middle term of two years in prison. In addition, the court ordered defendant to pay a restitution fine of $250, payable upon release at the rate of $25 per month.

On this appeal defendant challenges the court's failure to give reasons for the fine. Counsel also cites the court's failure to give reasons for rejecting probation.

### REASONS FOR REJECTING PROBATION

No one expected probation to be granted in this case in light of defendant's lengthy criminal history. As a result, defense counsel appears to have made the reasonable tactical choice not to request probation and to ask for his client to receive the mitigated term instead. Nevertheless, the court erred by failing to state any reasons for denying probation.

The sentencing rules for superior courts require the court to state in simple language the primary factors which support the exercise of its discretion in denying probation and sentencing the defendant to state prison. (Rules 439(d) and 443 of the Cal. Rules of Court; Pen. Code, § 1170, subd. (c); *People* v. *Mobley* (1983) 139 Cal.App.3d 320, 324 [188 Cal.Rptr. 583]; *People* v. *Arceo* (1979) 95 Cal.App.3d 117, 121 [157 Cal.Rptr. 10].) Here, the court made no such statement whatsoever. The fact the entire sentencing attention was focused on the length of the prison term did not excuse a brief recital of reasons for denying probation.

Still, in this instance the sentencing error does not require a remand for resentencing. The probation report section subheaded "Criteria Affecting Probation" noted two criteria which weighed in favor of a grant of probation:

(1) The nature, seriousness and circumstances of the underlying offense justify the consideration of a grant of probation (rule 414(c)(1) of the Cal. Rules of Court); and

(2) Defendant has family ties to the area. (Rule 414(d)(4).)

Three criteria weighed against probation:

(1) Defendant's criminal history indicates a pattern of regular criminal conduct[1] (rule 414(d)(1));

(2) Defendant's prior performances on probation and parole have been less than satisfactory and she was on parole at the time of the commission of the present offense (rule 414(d)(2)); and

---

[1] Defendant's prior record, dating from July 1980, includes convictions for felony burglary, battery, being under the influence of heroin, and at least two convictions for theft. In addition, defendant was committed to state prison on one previous occasion when she violated probation on the burglary and battery charges.

(3) Defendant's parole officer indicated defendant may have been abusing narcotics at that time. (Rule 414(d)(6).)

■ Weighing all the criteria together, it is clear defendant would not be placed on probation if this case were remanded for resentencing due to her extensive criminal history and the fact that she was on parole at the time she committed the current offense. Consequently, a remand for resentencing on this issue would not benefit defendant. (See *People* v. *Lambeth* (1980) 112 Cal.App.3d 495, 501 [169 Cal.Rptr. 193].)

### REASONS FOR IMPOSING THE RESTITUTION FINE

This novel issue concerns whether the superior court must state reasons for selecting a particular fine. Defendant's argument is a simple one. Although the law limits the court's discretion in terms of a minimum and a maximum fine, the court's discretion to impose a fine within that range constitutes a sentence choice for which reasons must be stated. Specifically, defendant argues that any fine over the $100 minimum mandatory amount, required for any felony by Government Code section 13967,[2] constitutes a "sentence choice" for which reasons must be stated, within the meaning of Penal Code section 1170, subdivision (c).

Some support for defendant's position can be found in the general provisions which govern statement of reasons under the determinate sentencing law. The sentencing judge in the superior court is obliged by Penal Code section 1170, subdivision (c), to state reasons on the record for any "sentence choice." "Sentence choice" is defined in rule 405(f) of the California Rules of Court to mean "the selection of any disposition of the case which does not amount to a dismissal, acquittal, or grant of a new trial." Since the imposition of a restitution fine under Government Code section 13967

---

[2]Government Code section 13967 provides, in pertinent part: "(a) Upon a person being convicted of any crime in the State of California, the court shall, in addition to any other penalty provided or imposed under the law, order the defendant to pay restitution in the form of a penalty assessment in accordance with Section 1464 of the Penal Code. In addition, if the person is convicted of one or more felony offenses, the court shall impose a separate and additional restitution fine of not less than one hundred dollars ($100) and not more than ten thousand dollars ($10,000). In setting the amount of the fine for felony convictions, the court shall consider any relevant factors including, but not limited to, the seriousness and gravity of the offense and the circumstances of its commission, any economic gain derived by the defendant as a result of the crime, and the extent to which others suffered losses as a result of the crime. Such losses may include pecuniary losses to the victim or his or her dependents as well as intangible losses, such as psychological harm caused by the crime. Except as provided in Section 1202.4 of the Penal Code, under no circumstances shall the court fail to impose the separate and additional restitution fine required by this section. This fine shall not be subject to penalty assessments as provided in Section 1464 of the Penal Code."

is neither a dismissal, acquittal, nor a grant of a new trial, it may be a sentencing choice within the meaning of rule 405(f).

Furthermore, the decision whether to impose a fine in excess of the $100 minimum amount is obviously left to the discretion of the court under Government Code section 13967. The code section provides that the court shall impose a fine "of not less than one hundred dollars ($100) and not more than ten thousand dollars ($10,000)." The code section then supplies a partial list of factors which the sentencing court should consider when deciding the amount of a restitution fine. These factors include "the seriousness and gravity of the offense and the circumstances of its commission, any economic gain derived by the defendant as a result of the crime, and the extent to which others suffered losses as a result of the crime."

Common sense suggests that where, as here, a court has been given broad discretion to decide whether to impose a fine in excess of a specified minimum amount, and where the court exercises that discretion to impose a fine in excess of the mandatory minimum amount, the court has made a sentencing choice, within the meaning of Penal Code section 1170, subdivision (c).

In addition, at least one public policy would be served by requiring a statement of reasons for fines in excess of the prescribed minimum amount. The legislative purpose in requiring superior courts to state reasons for sentencing choices is to permit meaningful appellate review. (*People* v. *Lock* (1981) 30 Cal.3d 454, 459 [179 Cal.Rptr. 56, 637 P.2d 292].) Mandating superior courts to recite the reasons for imposing fines in excess of the statutory minimum, likewise, could provide appellate courts with a meaningful basis upon which to review potentially abusive fines.

Nevertheless, the historical background surrounding the enactment of the determinate sentencing law suggests its original provisions requiring stated reasons did not apply to the imposition of fines. Before determinate sentencing, wide-range penal terms were made certain by the parole decision of the Adult Authority, subject to habeas corpus review by the courts. Determinate sentencing returned the decisions about the length of incarceration to the superior courts within ranges set by the Legislature. Instead of the habeas corpus review of the reasonableness of the parole decision of the Adult Authority, under determinate sentencing the review process is by direct appeal. Review of the sentencing court's exercise of discretion within the legislative guidelines thus depends upon the adequacy of the sentencing court's oral statement of reasons.

In contrast, the discretion to impose fines within statutory limits has always been a judicial one. In the shift to determinate sentencing the Legis-

lature did not address the matter of fines. Instead, the Legislature concerned itself with prescribing determinate sentence lengths for individual felonies, responding as it did to the call to make the length of prison terms more certain and uniform. The Legislature directed the Judicial Council to adopt rules to provide sentencing criteria for the consideration of trial judges. Five factors affecting the length of penal confinement were listed. Financial sanctions were not mentioned.[3]

Thus, since the determinate sentence law did not purport to affect the imposition of fines, it is reasonable to conclude that its sections which describe when a statement of reasons is necessary, such as Penal Code section 1170, subdivision (c), and rule 405(f) of the California Rules of Court, do not apply to the imposition of fines.

Certain practical considerations would flow from a determination that superior court judges must state reasons for imposing particular fines. Numerous large limit fines are imposed in the municipal court, which is not controlled by the determinate sentence rules. For example, Business and Professions Code section 5589, amended in the same bill as Government Code section 13967, provides for a misdemeanor violation punishable by a fine of not less than *$10,000* nor more than *$100,000.* Inevitably, courts would hear equal protection arguments that every fine imposed in a municipal or justice court, must be accompanied by a recital of reasons for the particular amount. It may be impossible to hold there are "relevant differences" between fines imposed in the misdemeanor and felony contexts. (See *Mills* v. *Municipal Court* (1973) 10 Cal.3d 288, 302 [110 Cal.Rptr. 329, 515 P.2d 273].)

Requiring judges to enumerate precise reasons for imposing particular fines, and in a meaningful way, would impose unnecessary and unintended additional burdens on the judiciary. Undoubtedly at the time it enacted the determinate sentence law, the Legislature expected that determinate sentencing would be complex and time consuming for the courts to perform properly. Still, we are reluctant to impose another substantial burden upon

---

[3]Penal Code section 1170.3 provides: "The Judicial Council shall seek to promote uniformity in sentencing under Section 1170, by:

"(a) The adoption of rules providing criteria for the consideration of the trial judge at the time of sentencing regarding the court's decision to:

"(1) Grant or deny probation.

"(2) Impose the lower or upper prison term.

"(3) Impose concurrent or consecutive sentences.

"(4) Consider an additional sentence for prior prison terms.

"(5) Impose an additional sentence for being armed with a deadly weapon, using a firearm, an excessive taking or damage, or the infliction of great bodily injury.

"(b) The adoption of rules standardizing the minimum content and the sequential presentation of material in probation officer reports submitted to the court."

the judiciary, absent a definitive expression of the Legislature's intent to that end. We are mindful of the insightful commentary of Cassou and Taugher concerning the potential burdens imposed by the determinate sentence law: "By the time the court has explained its last subtrahend and minuend, we will see a hearing far longer than that necessary to sentence a defendant to the 'term prescribed by law.' And by the time the appellate courts have combed through the trial judge's soliloquy, many an offender's term will have been served." (Cassou & Taugher, *Determinate Sentencing* (1978) 9 Pacific L.J. 5, 69.)

Assuming arguendo that the original determinate sentencing law was applicable to superior court fines in general, the superior courts have been implicitly exempted by Penal Code section 1202.4[4] from having to state reasons to justify *restitution fines,* imposed pursuant to Government Code section 13967.

The $250 restitution fine ordered in this case was imposed because of the requirements of Government Code section 13967. Section 13967 was enacted by the Legislature in response to article I, section 28, subdivision (b) of the California Constitution. Penal Code section 1202.4 became law at the same time as Government Code section 13967. Section 1202.4 requires the sentencing court to order the defendant to pay a restitution fine, as provided in Government Code section 13967, regardless of the defendant's present ability to pay, whenever the defendant has been convicted of a felony. The two sections cross-reference each other in text and, thus, must be read together.

Following one interpretation of the two sections, the sentencing court would first impose an appropriate fine after considering all relevant facts. Then, apparently once again considering the same facts and finding extraordinary ones to justify waiving all or a portion of the fine, the court would

---

[4]At all times relevant to this appeal, Penal Code section 1202.4 provided, in pertinent part: "(a) In any case in which a defendant is convicted of a felony, the court shall order the defendant to pay a restitution fine as provided in subdivision (a) of Section 13967 of the Government Code. Such restitution fine shall be in addition to any other penalty or fine imposed and shall be ordered regardless of the defendant's present ability to pay. However, if the court finds that there are compelling and extraordinary reasons, the court may waiver imposition of that portion of the restitution fine which exceeds the prescribed minimum amount. When such a waiver is granted, the court shall state on the record all reasons supporting the waiver."

Following the instant sentencing hearing, section 1202.04 was amended by Statutes of 1984, chapter 1340, section 2, to give the court discretion to waive the *entire* fine, if it finds that compelling and extraordinary reasons justify a waiver. Notably, the court remains required to state on the record all reasons supporting any waiver. Since this appeal does not involve waiver, henceforth we discuss the section in its current form.

have discretion to do so. Only in the case of a waiver are reasons required to be stated on the record.

Alternatively, and more sensibly, the sections can be read to result in the following sequence: The court must consider *all* relevant facts, including those that do and those that do not justify a waiver. Having included all relevant facts in the determination and therefore having adjusted the fine *downward* because of the mitigating reasons presented to the court, the fine to be imposed would be announced. In that event no facts would be left unconsidered, and no waiver would be needed. A statement of reasons would be required only if the minimum fine of $100 is not imposed.

Under either reading of the sections, reasons are required only when a waiver is found appropriate, and always if the minimum fine is waived. This conclusion is consistent with the long recognized maxim of statutory construction—the expression of certain things in a statute necessarily involves exclusion of other things not expressed—(*expressio unius est exclusio alterius*). (See *Henderson* v. *Mann Theatres Corp.* (1976) 65 Cal.App.3d 397, 403 [135 Cal.Rptr. 266].)

Penal Code section 1202.4 and Government Code section 13967 are typical of other legislation in which the Legislature specifically requires the court to state on the record only the reasons supporting the *waiver* of a statutory mandate. (Examples: Pen. Code, § 1203, subds. (e) and (f), grant of probation; Pen. Code, § 1203.04, waiver of restitution.) The Legislature has shown it is well aware that it can require a trial judge to follow a specific procedure or to make findings through the use of appropriate statutory language. (See also *People* v. *Mitchell* (1984) 152 Cal.App.3d 433, 438 [199 Cal.Rptr. 507].) In legislation of this kind we presume that a legislative omission was intentional.

■  Therefore, we conclude that superior courts are not required to state formal reasons on the record for imposing restitution fines mandated by Government Code section 13967 and Penal Code section 1202.4. Instead, superior courts are only required to provide a statement of reasons for the waiver of any such fine made pursuant to Penal Code section 1202.4.

Although there is no legislative mandate that courts state their exact reasons for imposing fines, certain restrictions apply. Excessive fines are prohibited. (Cal. Const., art. I, § 17.) Even before determinate sentencing, the trial judge had to consider factors relevant to the offense and offender in determining the proper amount of restitution. (*People* v. *Kay* (1973) 36 Cal.App.3d 759, 762-763 [111 Cal.Rptr. 894, 73 A.L.R.3d 1235].) The same principles of law apply whether the sanction is a condition of probation

or a penal part of the judgment of conviction after denial of probation. (*In re Antazo* (1970) 3 Cal.3d 100, 116 [89 Cal.Rptr. 255, 473 P.2d 999].) The amount of the fine must be supported by the record. (*People* v. *Feno* (1984) 154 Cal.App.3d 719, 735 [201 Cal.Rptr. 513], restitution in the amount of $51,000 as condition of probation.) And, of course, any fine must be assessed in accordance with a defendant's fundamental rights to due process and equal protection. So far, Penal Code section 1202.4 has survived constitutional due process and equal protection challenges. (*People* v. *Long* (1985) 164 Cal.App.3d 820, 827 [210 Cal.Rptr. 745]; *People* v. *Glenn* (1985) 164 Cal.App.3d 736, 740 [211 Cal.Rptr. 547].)

Under similar circumstances this court recently found a formal statement of reasons was not required by the Legislature. (*People* v. *Mitchell, supra,* 152 Cal.App.3d 433, 438.) Nevertheless, we noted the importance of stated reasons to the review process. Although it may be difficult to verbalize the reasons for selecting fines in the lower levels—for example, why $250 rather than $400, or. $100—the wide range of fines now permitted by many statutes may cause appellate concern when reasons are omitted. The *Mitchell* advice remains appropriate.

The judgment is affirmed.

Hamlin, J., and Best, J., concurred.