[No. F006809. Fifth Dist. Sept. 16, 1987.]

THE PEOPLE, Plaintiff and Respondent, v.
FRANCISCO C. MENDEZ, Defendant and Appellant.

[Opinion certified for partial publication.*]

---

* Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts I and II.

**COUNSEL**

Frank O. Bell, Jr., State Public Defender, under appointment by the Court of Appeal, and Jean Fletcher, Deputy State Public Defender, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, and Joel E. Carey, Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

THE COURT.*— Defendant, Francisco C. Mendez, appeals from the judgment entered following his court trial that resulted in his convictions for numerous offenses. Among his crimes were three separate convictions for rape in concert (Pen. Code, §§ 261, subd. (2), 264.1). The court ordered that the rape convictions be served consecutively and gave a statement of reasons for this sentence choice. The court ordered the defendant to pay a restitution fine pursuant to Government Code section 13967. The court ordered that the fine be paid before the termination of defendant's parole. Defendant asserts that the court erred in imposing consecutive sentences and erred in imposing the condition of payment of the restitution fine before termination of parole.

I., II.†

. . . . . . . . . . . . . . . . . . . . . .

---

\* Before Best, Acting P. J., Ballantyne, J., and Reid, J.‡
  † See footnote on page 1210, *ante.*

  ‡ Assigned by the Chairperson of the Judicial Council.

## III.

The court imposed a $500 restitution fine pursuant to Government Code section 13967. The court stated, "Although the Defendant has no ability to pay at this time [, it] can be paid at any time before termination of parole."

█ Defendant asserts that the court erred when it ordered that the fine be paid before termination of his parole. Defendant contends that the imposition of this condition was a meaningless order because the court is not authorized to order a particular payment time frame. Defendant asks that the condition be stricken by this court.

Government Code section 13967 requires the judge to impose certain fines when a defendant is convicted of a felony. It provides in pertinent part: "Upon a person being convicted of any crime in the State of California, the court shall, in addition to any other penalty provided or imposed under the law, order the defendant to pay restitution in the form of a penalty assessment in accordance with Section 1464 of the Penal Code. In addition, if the person is convicted of one or more felony offenses, the court shall impose a separate and additional restitution fine of not less than one hundred dollars ($100) and not more than ten thousand dollars ($10,000). In setting the amount of the fine for felony convictions, the court shall consider any relevant factors including, but not limited to, the seriousness and gravity of the offense and the circumstances of its commission, any economic gain derived by the defendant as a result of the crime, and the extent to which others suffered losses as a result of the crime. Such losses may include pecuniary losses to the victim or his or her dependents as well as intangible losses, such as psychological harm caused by the crime. Except as provided in Section 1202.4 of the Penal Code and subdivision (c) of this section, under no circumstances shall the court fail to impose the separate and additional restitution fine required by this section. This fine shall not be subject to penalty assessments as provided in Section 1464 of the Penal Code."

"The restitution fine is a debt which defendant owes to the state. (Gov. Code, § 13967.5.)" (*People* v. *Glenn* (1985) 164 Cal.App.3d 736, 739 [211 Cal.Rptr. 547].)

Government Code section 13967.5 provides in pertinent part: "The restitution fine imposed pursuant to subdivision (a) of Section 13967 shall be payable to the clerk of the court, the judge if there be no clerk at the time of judgment, the probation officer, or any other person responsible for the collection of criminal fines. If the defendant is unable or otherwise fails to pay such fine in a felony case and there is an amount unpaid of one thou-

sand dollars ($1,000) or more within 60 days after the imposition of sentence, or in a case in which probation is granted, within the period of probation, the clerk of the court, probation officer, or other person to whom the fine is to be paid shall forward to the Controller the abstract of judgment along with such information which may be relevant to the present and future location of the defendant and his or her assets, if any, and any verifiable amount which the defendant may have paid to the victim as a result of the crime." According to this section, the fine is due at the time of judgment. In the instant case the court extended the time in which the fine could be paid. There is no statutory authority empowering the trial court to impose such a condition. "Section 1205.5, added to the Penal Code as part of the package of legislation which amended Government Code section 13967, provides, 'The provisions of Section 1205 [providing for imprisonment until a fine has been satisfied] shall not apply to restitution fines ordered in felony cases.' Government Code section 13967.5 makes clear that unpaid amounts of the restitution fine shall be deemed a debt owing to the state; section 1214, subdivision (a), provides, 'If the judgment is for a fine with or without imprisonment, the judgment may be enforced in the manner provided for the enforcement of money judgments generally." (*People* v. *Long* (1985) 164 Cal.App.3d 820, 827 [210 Cal.Rptr. 745].)

"The restitution fine has already been imposed as part of a court order, and the mechanisms for collection are statutorily in place." (*Id.* at p. 828.) The court erred in ordering that the fine must be paid prior to the termination of defendant's parole. This condition is ordered to be stricken from the record. In all other respects the judgment is affirmed.