[No. F009415. Fifth Dist. Nov. 23, 1988.]

THE PEOPLE, Plaintiff and Respondent, v.
CHRISTOPHER H. ARNOLD, Defendant and Appellant.

[Opinion certified for partial publication.*]

---

* Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of part I.

**COUNSEL**

Michael B. McPartland, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Jane N. Kirkland and Mary Jane Hamilton, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**STONE (W. A.), Acting P. J.**—Appellant, Christopher H. Arnold, contends reversal is required for two reasons: (1) the trial court failed to consider all mitigating factors when it imposed sentence, namely, a portion of the police report which referred to his cooperation in the case investigation, and (2) the trial court failed to state its reasons for denying probation when he was resentenced following his rejection by the California Youth Authority (CYA). We disagree with appellant's first contention, but agree with his second, and will remand for resentencing.

#### SUMMARY OF THE FACTS AND PROCEEDINGS

Appellant entered a plea of guilty to a violation of Vehicle Code section 10851 (auto theft). Probation was denied, and he was sentenced to state

prison for the midterm of two years. He was ordered housed in the CYA pursuant to Welfare and Institutions Code section 1731.5, subdivision (c).[1] When the CYA declined to accept him, he was returned for resentencing, at which time the trial court ordered that the sentence be amended to reflect that appellant was to be housed in state prison for the term previously imposed.

DISCUSSION

PART I*

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

PART II

*Failure to State Reasons for Sentence Choice Upon Resentencing*

When the trial court imposes a prison term with an order that the defendant be housed with the CYA and the CYA fails to accept custody of the defendant, the defendant is returned for resentencing. (Welf. & Inst. Code, § 1731.5, subd. (c).)  ■  The question is whether the court is required to state its reasons for making a sentence choice when resentencing in such a case.

Penal Code section 1170, subdivision (d), provides that when a defendant is recalled for resentencing upon the court's own motion or upon the recommendation of the Director of Corrections, the court must apply the sentencing rules of the Judicial Council. This necessarily includes the rule that the court must state in simple language the primary factors which support the

---

[1] Welfare and Institutions Code section 1731.5, subdivision (c), provides: "(c) Any person under the age of 21 years who is not committed to the authority pursuant to this section may be transferred to the authority by the Director of Corrections with the approval of the Director of the Youth Authority. In sentencing a person under the age of 21 years, the court may order that the person shall be transferred to the custody of the Youth Authority pursuant to this subdivision. When the court makes such an order and the Youth Authority fails to accept custody of the person, the person shall be returned to court for resentencing. The transfer shall be solely for the purposes of housing the inmate, allowing participation in the programs available at the institution by the inmate, and allowing Youth Authority parole supervision of the inmate, who, in all other aspects shall be deemed to be committed to the Department of Corrections and shall remain subject to the jurisdiction of the Director of Corrections and the Board of Prison Terms. Notwithstanding subdivision (b) of Section 2900 of the Penal Code, the Director of the Department of Corrections, with the concurrence of the Director of the Youth Authority, may designate a facility under the jurisdiction of the Director of the Youth Authority as a place of reception for any person described in this subdivision."

*See footnote, *ante,* page 88.

exercise of its discretion in denying probation and sentencing the defendant to state prison. (Cal. Rules of Court, rules 439(d), 443; *People* v. *Romero* (1985) 167 Cal.App.3d 1148, 1151 [213 Cal.Rptr. 774].)

Although return for resentencing pursuant to Welfare and Institutions Code section 1731.5, subdivision (c), is automatic and not upon motion of the court or recommendation of the Director of Corrections, it is nonetheless resentencing and the sentencing rules are applicable.

In resentencing appellant, the court below stated only: "Probation is denied. The sentence is amended to reflect that the Defendant is to be housed in state prison." The court failed to state reasons for exercising its discretion in this manner.

We hold that appellant was entitled to an independent consideration by the trial court of all factors relevant to the sentence choice.

The judgment of conviction is affirmed. The judgment insofar as it relates to sentencing is reversed, and the matter is remanded for resentencing after preparation and consideration of an updated probation officer's report.

Ardaiz, J., and Gallagher, J.,* concurred.

---

* Assigned by the Chairperson of the Judicial Council.