Filed 7/9/21  P. v. Fain CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>FELICIA MARIE FAIN,<br><br>        Defendant and Appellant. | C087400<br><br>(Super. Ct. No. 18CF00262) |

Defendant Felicia Marie Fain rear-ended a man's car and drove off.  When he followed her into a cul-de-sac, she accelerated her car into his, causing damage to his car. A jury found defendant guilty of felony assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)) (statutory section citations that follow are to the Penal Code unless otherwise stated) and misdemeanor hit and run resulting in property damage (Veh. Code, § 20002, subd. (a)).  The trial court granted defendant three years' probation with one year to be spent in jail, and imposed various fines and fees.  On appeal, defendant argues

1

this case must be conditionally reversed and remanded for the trial court to conduct a mental health diversion eligibility hearing under section 1001.36, which she contends applies retroactively. Defendant further argues the trial court violated her due process and equal protection rights when it imposed fines and fees without first determining her ability to pay. We conditionally reverse defendant's judgment and remand to the trial court for an eligibility determination under section 1001.36.

## FACTS AND HISTORY OF THE PROCEEDINGS

B.McC. was stopped at a red light when defendant hit his car from behind while she was driving her SUV. B.McC. got out of the car and walked towards defendant's car, but defendant drove away. B.McC. returned to his car, began to follow defendant, and called the police. B.McC. followed her to a cul-de-sac and, believing defendant would park her car, stayed in his car at the entrance of the cul-de-sac to wait for the police. However, defendant "floor[ed]" the accelerator on her car and drove straight at him. Defendant attempted to back up, but she hit his car on the front driver's side, causing significant damage.

After the jury found defendant guilty of felony assault with a deadly weapon and misdemeanor hit and run resulting in property damage; the trial court held a sentencing hearing. Noting the "bizarre circumstances" of the case, the trial court appointed a forensic and clinical psychologist to evaluate defendant's mental status to determine whether defendant's mental health would prevent her from successfully completing probation.

The psychologist's report concluded that defendant met the DSM-5 diagnostic criteria for multiple mental health disorders. At sentencing, the trial court, having reviewed the psychologist's report, suspended defendant's sentence and placed her on three years of probation under various terms and conditions, including that defendant must serve 365 days in county jail. The trial court also ordered defendant pay various fines and fees,

including a $200 fine (§ 672), $200 state penalty assessment (§ 1464), $40 state surcharge (§ 1465.7), $100 state court construction penalty (Gov. Code, § 70372, subd. (a)), $140 county penalty assessment (Gov. Code, § 76000), $20 DNA penalty (Gov. Code, § 76104.6), $80 DNA penalty (Gov. Code, § 76104.7), $60 court facilities assessment (Gov. Code, § 70373), $80 court operations assessment (§ 1465.8), $4 Emergency Medical Air Transportation fund penalty (Gov. Code, § 76000.10), $300 restitution fine (§ 1202.4), and a (stayed) $300 probation revocation restitution fine (§ 1202.44).

DISCUSSION

I

*Mental Health Diversion Eligibility Hearing*

Defendant argues that she is entitled to remand so the trial court can determine whether she is eligible for pretrial diversion, due to a specified mental disorder under the recently enacted section 1001.36. In doing so, she contends that section 1001.36 is retroactive to all cases not yet final. While the People counter that section 1001.36 is not retroactive and defendant is not entitled to remand, they rely on *People v. Craine* (2019) 35 Cal.App.5th 744, which has since been vacated and remanded pursuant to our Supreme Court's decision in *People v. Frahs* (2020) 9 Cal.5th 618 (*Frahs*). We conclude that under *Frahs*, conditional remand is required.

Section 1001.36, which went into effect before defendant's judgment became final (stats. 2018, ch. 34, § 24, eff. June 27, 2018), provides pretrial diversion may be granted if the trial court finds all of the following criteria are met: (1) the defendant suffers from a recently diagnosed mental disorder enumerated in the statute; (2) the disorder was a significant factor in the commission of the charged offense, and that offense is not one of the offenses enumerated in subdivision (b); (3) "[i]n the opinion of a qualified mental health expert, the defendant's symptoms of the mental disorder motivating the criminal

3

behavior would respond to mental health treatment"; (4) the defendant consents to diversion and waives her right to a speedy trial; (5) the defendant agrees to comply with treatment as a condition of diversion; and (6) the defendant will not pose an unreasonable risk of danger to public safety, as defined in section 1170.18, if treated in the community. (§ 1001.36, subd. (b)(1)-(2).)  If the treatment under pretrial diversion is deemed successful, the charges shall be dismissed, and the defendant's criminal record expunged. (§ 1001.36, subds. (b)(1)(A)-(C), (c)(3), (e).)

The statute further provides:  "At any stage of the proceedings, the court may require the defendant to make a prima facie showing that the defendant will meet the minimum requirements of eligibility for diversion and that the defendant and the offense are suitable for diversion.  The hearing on the prima facie showing shall be informal and may proceed on offers of proof, reliable hearsay, and argument of counsel.  If a prima facie showing is not made, the court may summarily deny the request for diversion or grant any other relief as may be deemed appropriate."  (§ 1001.36, subd. (b)(3).)

In *Frahs*, our Supreme Court concluded *Estrada*'s inference of retroactivity applies to section 1001.36 such that defendants with qualifying mental disorders whose cases are not yet final are entitled to limited remand for the trial court to determine whether they are eligible for mental health diversion.  (*Frahs, supra*, 9 Cal.5th at pp. 624-625; see *In re Estrada* (1965) 63 Cal.2d 740.)  The "possibility of being granted mental health diversion rather than being tried and sentenced 'can result in dramatically different and more lenient treatment.' "  (*Frahs*, at p. 631, quoting *People v. Superior Court* (*Lara*) 4 Cal.5th 299, 303.)  As the court explained, "the impact of a trial court's decision to grant diversion can spell the difference between, on the one hand, a defendant receiving specialized mental health treatment, possibly avoiding criminal prosecution altogether, and even maintaining a clean record, and on the other, a defendant serving a lengthy prison sentence."  (*Frahs*, at p. 631.)  Thus, "the ameliorative nature of the diversion

program places it squarely within the spirit of the *Estrada* rule," and the program retroactively applies to defendants whose cases are not yet final. (*Ibid.*)

*Frahs* further held that a defendant is entitled to a conditional limited remand for the trial court to conduct a mental health diversion eligibility hearing when "the record affirmatively discloses that the defendant appears to meet at least the first threshold eligibility requirement for mental health diversion - the defendant suffers from a qualifying mental disorder (§ 1001.36, subd. (b)(1)(A))." (*Frahs, supra,* 9 Cal.5th at p. 640.) In *Frahs*, the court found a clinical and forensic psychologist's testimony that the defendant suffered from a qualifying mental disorder sufficient to meet the first eligibility requirement. (*Ibid.*)

Defendant has introduced sufficient evidence demonstrating at least one qualifying mental disorder. Section 1001.36 defines a qualifying mental disorder as one "identified in the most recent edition of the Diagnostic and Statistical Manual of Mental Disorders, including, but not limited to, bipolar disorder, schizophrenia, schizoaffective disorder, or post-traumatic stress disorder, but excluding antisocial personality disorder, borderline personality disorder, and pedophilia." (§ 1001.36, subd. (b)(1)(A).) As evidence of a qualifying mental disorder, a defendant must provide a recent diagnosis by a qualified mental health expert. (*Ibid.*) Here, as in *Frahs*, a clinical and forensic psychologist diagnosed defendant with at least one qualifying mental disorder listed in the DSM-5 and delineated in the statute.

Given the above evidence, defendant meets at least the first threshold requirement for eligibility for mental health diversion. (§ 1001.36, subd. (b)(1)(A); *Frahs, supra,* 9 Cal.5th at p. 640.) A conditional remand for the trial court to conduct a mental health diversion eligibility hearing is appropriate under the circumstances.

## II

### *Ability to Pay*

Defendant next argues her case must be remanded to the trial court for an ability to pay hearing on the fines and fees. Defendant relies primarily on *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), which held that "due process of law requires the trial court to conduct an ability to pay hearing and ascertain a defendant's present ability to pay before it imposes court facilities and court operations assessments under . . . section 1465.8 and Government Code section 70373." (*Dueñas*, at p. 1164.) The *Dueñas* court also held "that although . . . section 1202.4 bars consideration of a defendant's ability to pay unless the judge is considering increasing the fee over the statutory minimum, the execution of any restitution fine imposed under this statute must be stayed unless and until the trial court holds an ability to pay hearing and concludes that the defendant has the present ability to pay the restitution fine." (*Ibid*.) Defendant argues that the trial court's imposition of all the fines and fees without determining her ability to pay violated her constitutional due process and equal protection rights. In response, the People contend that defendant forfeited her claim by failing to raise it in the trial court, and further contend that in any event, defendant's claim fails on the merits.

We need not resolve the questions of forfeiture because we conclude defendant's claim lacks merit. Defendant's claim hinges on the *Dueñas* analysis finding due process principles mandate an ability to pay hearing before imposing fines and fees. We are not persuaded this analysis is correct. Our Supreme Court is now poised to resolve this question, having granted review in *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted November 13, 2019, S257844, which agreed with the court's conclusion in *Dueñas* that due process requires the trial court to conduct an ability to pay hearing and ascertain a defendant's ability to pay before it imposes court facilities and court

6

operations assessments under section 1465.8 and Government Code section 70373, but not restitution fines under section 1202.4. (*Kopp,* at pp. 95-96, review granted.)

In the meantime, we join several other courts in concluding that the principles of due process do not require determination of a defendant's present ability to pay before imposing the fines and fees at issue in *Dueñas* and in this proceeding. (*People v. Cota* (2020) 45 Cal.App.5th 786, 794-795; *People v. Kingston* (2019) 41 Cal.App.5th 272, 279; *People v. Hicks* (2019) 40 Cal.App.5th 320, 329, review granted Nov. 26, 2019, S258946; *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1069; *People v. Caceres* (2019) 39 Cal.App.5th 917, 928.)

Defendant's argument that imposing the monetary obligations without considering her ability to pay violates equal protection fails for the same reason as her due process argument.

As noted in *People v. Aviles, supra*, 39 Cal.App.5th at pages 1068-1069: "*Dueñas's* due process and equal protection analysis was improperly based on a series of cases that addressed the concern 'that due process and equal protection guaranteed an indigent criminal defendant a free transcript of trial proceedings in order to provide that defendant with *access* to a court of review, where he would receive an adequate and effective examination of his criminal conviction. [Citation.]' (*People v. Gutierrez [*(2019)] 35 Cal.App.5th [1033,] 1039 (conc. opn. of Benke, J.).) *Dueñas*'s reliance on certain statutes was also incorrect because 'these statutes instead ensure that all people, without regard to economic status, have equal access to our justice system.' (*Ibid.*) The fine and assessments imposed on the probationer in *Dueñas* did not raise 'an issue of *access* to our courts or justice system' or satisfy 'the traditional due process definition of a taking of life, liberty or property.' (*Ibid.*) '[There is] no general due process and equal protection authority which *requires* a court to conduct a *preassessment present ability-to-pay* hearing before imposing any fine or fee on a defendant, as *Dueñas* seems to

7

conclude . . . .' (*Ibid*.)" Therefore, the trial court did not violate equal protection in failing to conduct an ability to pay hearing prior to imposing the restitution fine here. (See also *People v. Glenn* (1985) 164 Cal.App.3d 736, 739-740 [imposing the minimum restitution fine without considering a defendant's ability to pay does not violate the equal protection clause].)

## DISPOSITION

We conditionally reverse defendant's judgment and remand to the trial court for an eligibility determination under section 1001.36. If the trial court finds that defendant suffers from a mental disorder, does not pose an unreasonable risk of danger to public safety, and otherwise meets the six statutory criteria, then the court may grant diversion. If defendant successfully completes diversion, then the trial court shall dismiss the charges. However, if the trial court determines that defendant does not meet the criteria under section 1001.36, or if defendant does not successfully complete diversion, then her convictions and sentence shall be reinstated.

_____

HULL, Acting P. J.

We concur:

_____

DUARTE, J.

_____

HOCH, J.

8