[No. B126896. Second Dist., Div. Three. Apr. 27, 2000.]

THE PEOPLE, Plaintiff and Respondent, v.
SERGIO ALFRED RODRIGUEZ, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, only the Introduction, Factual Summary, part 3 of the Discussion, the Disposition, and the dissent are certified for publication

COUNSEL

David H. Goodwin for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Marc E. Turchin and Chung L. Mar, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**CROSKEY, J.**—

### INTRODUCTION

Sergio Alfred Rodriguez appeals from the judgment entered following the denial of a suppression motion (Pen. Code, § 1538.5) and his conviction by

jury of second degree robbery (Pen. Code, § 211) with firearm use (Pen. Code, § 12022.5, subd. (a)). He was sentenced to prison for seven years. The trial court imposed a $200 Penal Code section 1202.4, subdivision (b), restitution fine, but not a parole revocation fine as required under Penal Code section 1202.45.

In the published portion of this opinion, we hold, consistent with settled law concerning the appealability of unauthorized sentences, that where, as here, the trial court imposed a mandatory Penal Code section 1202.4, subdivision (b) restitution fine (hereafter section 1202.4 fine)[1] but failed to impose a mandatory section 1202.45 parole revocation fine,[2] the judgment must be amended to impose the latter.

In *People v. Tillman* (2000) 22 Cal.4th 300 [92 Cal.Rptr.2d 741, 992 P.2d 1109] (*Tillman*), the People argued that the trial court erroneously had failed to impose a mandatory section 1202.4 fine. However, what the trial court had done was fail to state on the record the compelling and extraordinary reasons which it presumably found to exist (as it otherwise could not legally have avoided imposition of the fine). Such omission was correctable had it been timely raised by the People. *Tillman* held that the People *waived* this issue by failing to raise it in the trial court.

However, where, as here, the trial court *did* impose a section 1202.4 fine, a section 1202.45 fine was mandatory. Nothing in section 1202.45 gave the trial court discretion not to impose the section 1202.45 fine, and the waiver rule of *Tillman*, which, under settled law, is applicable only to *discretionary* sentencing choices, does not control. We, therefore, must correct the judgment, and the abstract of judgment, to reflect the imposition of a fine mandated by statute.[3]

---

[1]Unless otherwise indicated all statutory references are to the Penal Code.
As pertinent here, subdivision (b) of section 1202.4 provides: "[i]n every case where a person is convicted of a crime, the court shall impose a separate and additional restitution fine, unless it finds compelling and extraordinary reasons for not doing so, and states those reasons on the record."

[2]Section 1202.45 provides: "[i]n every case where a person is convicted of a crime and whose sentence includes a period of parole, the court shall at the time of imposing the restitution fine pursuant to subdivision (b) of Section 1202.4, assess an additional restitution fine in the same amount as that imposed pursuant to subdivision (b) of Section 1202.4. This additional restitution fine shall be suspended unless the person's parole is revoked."

[3]In the unpublished portion of this opinion, we hold appellant's detention and arrest were proper, and the trial court properly denied his suppression motion. We also hold the trial court did not reversibly err by refusing appellant's request to modify CALJIC No. 2.92 to reflect that, when considering eyewitness identification testimony, the jury could consider the fairness of a lineup. Finally, we hold that an order requiring a defendant to pay restitution

## Factual Summary

Viewed in accordance with the usual rules on appeal (*People v. Ochoa* (1993) 6 Cal.4th 1199, 1206 [26 Cal.Rptr.2d 23, 864 P.2d 103]), the evidence, the sufficiency of which is not in dispute, established that on August 30, 1997, appellant, using a gun, and another man entered a Sierra Madre market and robbed Thomas Hammond, its owner.[4] In defense, appellant presented evidence suggesting he was misidentified.

## Contentions*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## Discussion

1., 2.*·

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

3. *A Parole Revocation Fine Must Be Imposed Pursuant to Section 1202.45, and the Abstract of Judgment Must Be Corrected to Reflect Imposition of That Fine.*

The People contend "[t]he judgment must be modified to impose a $200 parole revocation fine pursuant to section 1202.45, . . . this court should correct the abstract of judgment." We agree.

In the present case, the trial court imposed a section 1202.4 restitution fine in the amount of $200, but did not impose a section 1202.45 parole revocation fine. Our Supreme Court, in *Tillman*, recently stated that imposition of the section 1202.4 fine was "mandatory" (*Tillman, supra,* 22 Cal.4th at p. 302) unless the sentencing court found compelling and extraordinary reasons for not doing so, and stated those reasons on the record. In the present case, the trial court did impose the section 1202.4 fine, as it did not make the exceptional finding and record statement required to avoid imposition of such fine.

As a result, the trial court in the present case was required to impose the section 1202.45 fine. As *Tillman* stated, "[i]n cases in which the court

directly to a victim is not subject to a section 1464 or Government Code section 76000 penalty assessment.

[4]Hammond identified appellant as the robber by his photograph, at the preliminary hearing, and at trial. Wayne Zimmerman's eyewitness testimony at trial placed appellant at the scene; Zimmerman also had identified appellant by his photograph.

*See footnote, *ante,* page 372.

*imposes* a restitution fine, imposition of a parole revocation fine is also *mandatory*. (§ 1202.45.)." (*Tillman, supra*, 22 Cal.4th at p. 302, italics added.) Similarly, and consistent with the express language of section 1202.45, various divisions of this court have held that when a section 1202.4 fine is imposed, imposition of a section 1202.45 fine in an equal amount is *mandatory*. (*People v. Barrera* (1999) 70 Cal.App.4th 541, 556 [82 Cal.Rptr.2d 755]; *People v. Terrell* (1999) 69 Cal.App.4th 1246, 1255-1256 [82 Cal.Rptr.2d 231]; *People v. Hong* (1998) 64 Cal.App.4th 1071, 1084 [76 Cal.Rptr.2d 23].)

Under existing precedent, the People do not, by failing to object below, *waive* the error of the trial court's failure to impose the *mandatory* section 1202.45 fine. This is so because the failure to impose a mandatory fine results in an unauthorized sentence constituting jurisdictional error, which can be raised for the first time on appeal. (*People v. Scott* (1994) 9 Cal.4th 331, 354 [36 Cal.Rptr.2d 627, 885 P.2d 1040] (*Scott*); *People v. Welch* (1993) 5 Cal.4th 228, 235 [19 Cal.Rptr.2d 520, 851 P.2d 802] (*Welch*); *People v. Terrell, supra*, 69 Cal.App.4th at pp. 1255-1256; *People v. Hong, supra*, 64 Cal.App.4th at p. 1084.) Therefore, we will amend the judgment, and direct the trial court to amend the abstract of judgment accordingly. (*People v. Hong, supra*, 64 Cal.App.4th at pp. 1074-1085.)

In our view, *Tillman* does not compel a contrary result.[27] As already noted, the trial court in *Tillman* failed to impose *both* fines. As we read that decision, the trial court's error was its failure to state its reasons on the record for not imposing the *section 1202.4* fine. The People's failure to raise a timely objection thereto in the trial court resulted in a waiver. Because the trial court failed to impose a section 1202.4 fine, the trial court could not impose a *section 1202.45* fine. However, where, as here, the trial court *imposed* the section 1202.4 fine but not the section 1202.45 fine, we have an entirely different problem.

*Tillman* stated that the section 1202.4 fine is "mandatory *unless*" the court makes a finding as to the existence of compelling and extraordinary reasons for not doing so and states those reasons on the record. (*Tillman, supra*, 22 Cal.4th at p. 302, italics added.) In discussing the import of that conclusion upon the waiver issue, the *Tillman* court repeatedly referred to and relied upon authorities discussing trial court *discretion*. It referred to a trial court's failure to properly make or articulate its " '*discretionary* sentencing choices.' " (*Tillman, supra*, 22 Cal.4th at p. 302, quoting *Scott, supra*, 9 Cal.4th at p. 353, italics added.) Similarly, it referred to the " 'proper

---

[27]There is no dispute that the section 1202.45 fine applies in this case unless the People waived the issue.

exercise of *discretion'* " in the court. (*Tillman, supra,* 22 Cal.4th at p. 302, quoting *Welch, supra,* 5 Cal.4th at p. 236, italics added.) Significantly, *Tillman* quoted *Scott*'s observation that trial counsel is charged with clarifying " *'permissible* sentencing *choices'* " (*Tillman, supra,* 22 Cal.4th at p. 303, quoting *Scott, supra,* 9 Cal.4th at p. 353, italics added) and that, in *Scott,* the trial court had failed to state its reasons for making a *"discretionary* sentencing *choice."* (*Tillman, supra,* 22 Cal.4th at p. 303, italics added.) *Tillman* expressly juxtaposed (1) the failure of the trial court in that case to state its reasons for not imposing the section 1202.4 fine with (2) the trial court's failure in *Scott* to state its reasons for making a *discretionary* choice.[28] (*Tilman, supra,* 22 Cal.4th at p. 303.)

It thus appears that *Tillman* stands for the proposition that when a trial court determines that compelling and extraordinary reasons exist for not imposing a section 1202.4 fine but fails to comply with the statutory requirement of the making of the necessary finding with a recorded statement of reasons, it is a correctable error which the People must call to the trial court's attention in a timely manner. (*Tillman, supra,* 22 Cal.4th at pp. 301-303.) In other words, the result in *Tillman,* as to the section 1202.4 fine, is analogous to that which flows in a discretionary sentencing choice case where the trial court selects a particular sentence without expressing a required justification for its choice.

This conclusion is supported by *People v. Romero* (1985) 167 Cal.App.3d 1148 [213 Cal.Rptr. 774], which dealt with an issue pertaining to a previous version of section 1202.4. In a footnote, the court noted that, after the sentencing hearing, the 1984 amendment to section 1202.4 was enacted. Focusing on the amendment's language, which is similar to that of the current subdivision (b), the court observed that the amendment gave "the court *discretion* to waive the entire fine, if it finds that compelling and extraordinary reasons justify a waiver." (*People v. Romero, supra,* 167 Cal.App.3rd at p. 1155, fn. 4, italics added, original italics omitted.)[29]

■ Unlike the restitution fine described in section 1202.4, subdivision (b), which may be avoided upon the making of a finding as to the existence of compelling and extraordinary reasons, the trial court lacks any discretion

---

[28]*Tillman* referred to the trial court's failure to state its reasons for not imposing the "fines"; as we discuss below, section 1202.45 contains no language pertaining to a statement of reasons.

[29]See also *People v. Martinez* (1998) 65 Cal.App.4th 1511, 1516, 1518, footnote 2 [77 Cal.Rptr.2d 492]. There, a Health and Safety Code section 11372.7, subdivision (a), drug program fee was "mandatory, *provided*" the trial court first determined the defendant's ability to pay. (65 Cal.App.4th at p. 1516, italics added.) *Martinez* held that that proviso created trial court *discretion* not to impose the fee.

whatever to avoid imposition of a parole revocation fine under section 1202.45 if the section 1202.4 fine has been imposed. Because nothing in *Tillman* indicates that the Supreme Court intended to overrule prior precedent, including its own, which conclude that the People do not, by failing to object below, waive on appeal the issue of a trial court's failure to impose a mandatory sentence or fine (see *Scott, supra,* 9 Cal.4th at p. 354; *Welch, supra,* 5 Cal.4th at p. 235; see also *People v. Terrell, supra,* 69 Cal.App.4th at pp. 1255-1256; *People v. Hong, supra,* 64 Cal.App.4th at p. 1084), the reasoning of *Tillman* cannot be applied where the trial court has failed to impose a fine which is unconditionally mandated by statute.[30]

Here, the trial court did not make the finding and statement of reasons necessary to avoid imposition of the section 1202.4 fine and, in fact, imposed it. Under section 1202.45 it was therefore required to impose the parole revocation fine as well. It was mandatory and the trial court's failure to do so amounted to the imposition of an illegal sentence. The People are correct; the parole revocation fine mandated by section 1202.45 should have been imposed and, because it was mandatory, the People did not waive the right to object to the trial court's omission by failing to raise the issue at the time.

We hold that where the trial court imposes a section 1202.4 fine, its omission of a concomitant, mandatory parole revocation fine under section 1202.45 in the same amount results in an unauthorized sentence which may be corrected in the first instance on appeal. We, therefore, will modify the judgment to reflect the imposition of a parole revocation fine in the amount of $200, which is identical to the amount of the section 1202.4 fine. The superior court will be directed to prepare an amended abstract of judgment to reflect this modification.

4. *The Judgment Need Not Be Modified, and the Abstract of Judgment Need Not Be Amended, to Reflect Penalty Assessments on Restitution.**

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

---

[30]If, as some appellate courts and our dissenting colleague have concluded, *Tillman* should be read to stand for the proposition that the People waive the right to object to the trial court's failure to impose a *mandatory* fine by not timely raising the issue in the trial court, then it would be a significant change in otherwise settled precedent regarding the imposition of unauthorized or illegal sentences. When such a sentence is imposed neither the defendant nor the People waive the issue on appeal simply because it was not raised in the trial court. If the rule is to be different with respect to section 1202.45 parole revocation fines, and there may well be sound reasons of policy and judicial economy for such a rule change, then the Supreme Court should say so directly.

*See footnote, *ante,* page 372.

DISPOSITION

The judgment is modified by imposing a $200 restitution fine pursuant to section 1202.45 and, as modified, the judgment is affirmed. The trial court is directed to forward to the Department of Corrections an amended abstract of judgment reflecting the above modification.

Klein, P. J., concurred.

**KITCHING, J.**—I respectfully dissent from the majority's conclusion that this court must impose a suspended Penal Code section 1202.45 parole revocation restitution fine. In *People v. Tillman* (2000) 22 Cal.4th 300 [92 Cal.Rptr.2d 741, 992 P.2d 1109], our Supreme Court indicated that fines imposed pursuant to Penal Code sections 1202.4 and 1202.45 are mandatory. The court stated those statutes "require trial courts to impose a restitution fine as part of the judgment of conviction entered against a criminal defendant and, in cases where parole is granted, an additional fine in the same amount suspended unless . . . the sentencing court, in the words of the statute, 'finds compelling and extraordinary reasons for not doing so, and states those reasons on the record.' (§ 1202.4, subd. (b).) In cases in which the court imposes a restitution fine, imposition of a parole revocation fine is also mandatory." (22 Cal.4th at pp. 301-302.) The court then determined that, in failing to object at sentencing to the trial court's failure to impose section 1202.4 and section 1202.45 fines, the People had waived imposition of those fines. In reaching this conclusion, the *Tillman* court made no distinction between the section 1202.4 and the section 1202.45 fines. We are bound by the court's decision in *Tillman*. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].) Accordingly, I would conclude the People have waived any claim that this court must modify the judgment to impose the section 1202.45 fine.

A petition for a rehearing was denied May 15, 2000, and appellant's petition for review by the Supreme Court was denied August 9, 2000.