Filed 2/27/13  P. v. Clark CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CHARVONE LAMONT CLARK,<br><br>    Defendant and Appellant. | C072130<br><br>(Super. Ct. No. 12F00337) |

Appointed counsel for defendant Charvone Lamont Clark has asked this court to review the record to determine whether there exist any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Although we find no errors which favor defendant, we must remand for amendment of the abstract of judgment.

**BACKGROUND**

On January 10, 2012, defendant entered his victims' home and, acting in concert with two or more people, pointed a firearm at multiple victims and stole a safe.

1

The People filed an amended information accusing defendant of kidnapping to commit robbery (counts 1 & 2; Pen. Code,[1] § 209, subd. (b)(1)), first degree robbery (counts 3, 4, & 6; § 211), and assault with a firearm (count 5; § 245, subd. (a)(2)). As to count 4, it was alleged that defendant voluntarily acted in concert with two or more other persons. (§ 213, subd. (a).) As to counts 1 through 4, it was alleged that defendant personally used a firearm. (§ 12022.53, subd. (b).) It was further alleged that defendant had three prior strike convictions. (§§ 667, subds. (b)-(i), 1170.12.)

Defendant pled no contest to count 4 and admitted the firearm enhancement on that count and one prior strike, in return for a stipulated sentence of 28 years in state prison and the dismissal of the remaining counts and allegations with a *Harvey*[2] waiver for restitution. Defendant waived referral to probation.

The trial court sentenced defendant to the stipulated 28-year term, consisting of the upper term of nine years on count 4, doubled for the strike, plus 10 years consecutive for the firearm use enhancement. The court awarded 216 days of credit for actual custody, plus 31 days of conduct credit (§ 2933.1), for a total of 247 days of presentence custody credit. The court imposed a $6,720 restitution fine (§ 1202.4, subd. (b)) and reserved determination of victim restitution. The court also imposed a $10 crime prevention fine (§ 1202.5), a $340.01 main jail booking fee (Gov. Code, § 29550.1), a $62.09 jail classification fee (Gov. Code, § 29550.2), a $40 court operations assessment (§ 1465.8), and a $30 court facility fee (Gov. Code, § 70373).

## DISCUSSION

Counsel filed an opening brief that sets forth the facts of the case and asks us to determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d

---

[1] Further undesignated statutory references are to the Penal Code.

[2] *People v. Harvey* (1979) 25 Cal.3d 754.

436.)  Counsel advised defendant of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days have elapsed, and we have received no communication from defendant.  We have undertaken an examination of the entire record and find no arguable error that would result in a disposition more favorable to defendant.  We do, however, find two errors that require the trial court to amend the abstract of judgment.

First, the trial court failed to impose a suspended parole revocation restitution fine pursuant to section 1202.45.  Such a fine, in the same amount as the restitution fine imposed pursuant to section 1202.4, subdivision (b), is mandatory in every case where a prison term includes a period of parole.  (*People v. Tillman* (2000) 22 Cal.4th 300, 302; *People v. Rodriguez* (2000) 80 Cal.App.4th 372, 375-378; *People v. Terrell* (1999) 69 Cal.App.4th 1246, 1255-1256.)  Where a fine under section 1202.4, subdivision (b) has been imposed, the failure to impose a fine under section 1202.45 results in an unauthorized sentence, which we may correct in the first instance on appeal.  (*People v. Rodriguez, supra*, 80 Cal.App.4th at p. 376.)

Second, the trial court's oral pronouncement of sentence failed to specify the statutory basis for the main jail booking fee and the jail classification fee, as does the abstract of judgment, and the abstract also fails to specify the statutory basis for the crime prevention fee, the court operations assessment, and the court facility fee.  As we held in *People v. High* (2004) 119 Cal.App.4th 1192, the trial court is required to include the statutory bases of all fees, fines, and penalties imposed upon defendant in its oral imposition of sentence and the corresponding abstract of judgment.

## DISPOSITION

The trial court is directed to prepare an amended abstract of judgment in

accordance with this opinion, and to provide a certified copy of the amended abstract to the Department of Corrections and Rehabilitation.  The judgment is affirmed as modified.


                                            DUARTE                , J.


We concur:


_____RAYE_____, P. J.


_____BUTZ_____, J.