Filed 3/27/13  P. v. Stapleton CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C072054 |
| Plaintiff and Respondent, | (Super. Ct. No. CM036783) |
| v. | |
| MICHAEL JACOB STAPLETON, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Michael Jacob Stapleton has asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  We find an error that requires modification of the judgment and shall affirm the judgment as modified.

**BACKGROUND**

On July 7, 2012, a sheriff's deputy spoke with a domestic violence victim who reported she had been dating defendant for approximately six months and was five months pregnant with his child.  She had picked up defendant's personal belongings at

1

the jail after his recent incarceration, and used his electronic debit card to withdraw $80 to loan to a friend.

When defendant was released from jail, he became very angry about the missing money. He left her a voicemail wherein he stated, "I'm not a person who rolls over. I'm not a sucker or a bitch. I'm gonna come and get my money. If you call the cops, I will beat your fucking ass. You're gonna have a broken nose. I don't care if you are female or not. You're gonna give me my money or you're gonna get fucked up." She was at her mother's house when she received the message. Five minutes later, defendant came to her mother's house and demanded his money. When she told him she did not have it, he grabbed her mother's purse and dumped its contents. She told defendant to leave, at which point, he grabbed her by the hair and slammed her into the wall. When her mother then told him to leave, he produced a knife, waved it at her and her mother, and yelled, "What do you think about this?"

The People charged defendant with inflicting corporal injury on a cohabitant or child's parent (Pen. Code,[1] § 273.5, subd. (a)) with two prior prison term enhancement allegations (§ 667.5, subd. (b)). He was also charged with misdemeanor brandishing of a deadly weapon (§ 417, subd. (a)(1)).

On July 26, 2012, defendant pled guilty to inflicting corporal injury on a cohabitant or child's parent. In exchange for his plea, the enhancements and misdemeanor charge were dismissed with a *Harvey* waiver.[2] On September 6, 2012, the trial court denied defendant probation and sentenced him to the midterm of three years in state prison. The trial court ordered defendant to pay a $240 restitution fine (§ 1202.4, subd. (b)), a $200 base fine (§ 672) plus $520 in associated surcharges and assessments,

---

[1] Further undesignated statutory references are to the Penal Code.

[2] *People v. Harvey* (1979) 25 Cal.3d 754.

a $40 court security fee (§ 1465.8), a $30 criminal conviction assessment (Gov. Code, § 70373), and $736 for the cost of the presentence investigation report (§ 1203.1, subd. (b)). The court awarded defendant 62 actual days of presentence custody credit and 62 conduct days, for a total of 124 days of credit. (§ 4019.) Defendant appeals. He did not obtain a certificate of probable cause. (§ 1237.5.)

## DISCUSSION

Counsel filed an opening brief that sets forth the facts of the case and asks us to determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Counsel advised defendant of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we have received no communication from defendant. We have undertaken an examination of the entire record and find no arguable error that would result in a disposition more favorable to defendant.

We do note one error. The trial court failed to impose a suspended parole revocation restitution fine (§ 1202.45) in the same amount as the restitution fine (§ 1202.4, subd. (b)). The fine under section 1202.45 is mandatory in every case where a prison term includes a period of parole. (*People v. Tillman* (2000) 22 Cal.4th 300, 302; *People v. Rodriguez* (2000) 80 Cal.App.4th 372, 375-378 (*Rodriguez*); *People v. Terrell* (1999) 69 Cal.App.4th 1246, 1255-1256.) Where a fine under section 1202.4, subdivision (b) has been imposed, the failure to impose a fine under section 1202.45 results in an unauthorized sentence, which we may correct in the first instance on appeal (*Rodriguez, supra*, 80 Cal.App.4th at p. 378.)

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is modified to impose a $240 parole revocation fine, suspended unless parole is revoked, pursuant to section 1202.45. The trial court is directed to

3

prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation.  As modified, the judgment is affirmed.


                                      DUARTE              , J.


We concur:


                BLEASE                  , Acting P. J.


                MURRAY                  , J.