Filed 12/29/14  P. v. Gonzales CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C075555 |
| v. | (Super. Ct. No. CRF120003532) |
| RUDOLPH STEVEN GONZALES, JR., | |
| Defendant and Appellant. | |

Appointed counsel for defendant Rudolph Steven Gonzales, Jr., has asked this court to review the record to determine whether there exist any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  We conclude there is no arguable error that would result in a disposition more favorable to defendant.  However, we modify the judgment to reflect the appropriate mandatory restitution and parole revocation fines, and affirm the judgment as modified.

## I

### *Factual and Procedural History*

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

1

Defendant was charged by information[1] with attempted murder (Pen. Code §§ 21a, 664, subd. (a), 189, subd. (a)--count 1),[2] assault with a deadly weapon (§ 245, subd. (a)(1)--count 2), and participation in a criminal street gang (§ 186.22, subd. (a)-- count 3). As to count 1, the information alleged the attempted murder was willful, deliberate, and premeditated (§§ 664, subd. (a), 189), and that defendant personally used a deadly or dangerous weapon (§ 12022, subd. (b)(1)), committed the charged offense for the benefit of, at the direction of, or in association with a criminal street gang (§ 186.22, subd. (b)(1)), and willfully, unlawfully, and personally inflicted great bodily injury (§ 12022.7, subd. (a)). As to count 2, the information alleged defendant committed the charged offense for the benefit of, at the direction of, or in association with a criminal street gang (§ 186.22, subd. (b)(1)), and willfully, unlawfully, and personally inflicted great bodily injury (§ 12022.7, subd. (a)). The information further alleged defendant served a prior prison term within the meaning of section 667.5, subdivision (b), and, at the time of commission of the offenses charged in counts 1 through 3, defendant was released from custody on bail or his own recognizance within the meaning of section 12022.1, subdivision (b).

On October 8, 2013, pursuant to a negotiated plea agreement, defendant pled no contest to attempted murder (count 1) and admitted the gang enhancement in exchange for a stipulated aggregate sentence of 15 years in state prison (5 years for count 1, plus 10 years consecutive for the gang enhancement) and dismissal of all remaining charges, as well as all charges in case No. CRF 12-2884 pending against him. The plea form also

---

[1]     The information also contains charges and allegations against codefendant, Javier Gortarez.  However, Gortarez is not a party to this appeal.

[2]     Undesignated statutory references are to the Penal Code.

notes defendant "will be required to pay a restitution fine of $280 to $10,000." The factual basis to substantiate defendant's plea is as follows:[3]

On September 5, 2012, Michael Cullison and his cousin, Maria Echevarria, walked to Dingle Elementary School in Woodland to pick up Echevarria's daughter. Cullison was carrying a red shirt. As they waited in the school parking lot, Echevarria first noticed a maroon car drive by, and then saw defendant running towards her holding a metal object she believed to be a knife. Defendant was wearing blue pants and was shirtless. He had a shaved head and tattoos on his face, chest, and arms, including a "XIII" tattoo. Defendant approached Cullison and said, "[W]hat's up puto? You want to fly your fucking colors, bitch?" Defendant also said, "Fuck you, puto. Sur Trece." Detective John Perez of the Yolo Gang Task Force later testified that "Sur" is short for Sureño, and "trece" is the number 13, a number with which members of the Sureño criminal street gang align themselves.

In an attempt to prevent a confrontation, Echevarria stood between defendant and Cullison and asked defendant "not to do this in front of . . . her daughter's school." Defendant began swinging the metal object towards Cullison's head, and Cullison backed up. At the same time, Echevarria noticed that codefendant, Javiar Gortarez, who was wearing a blue shirt, got out of the driver's side of the maroon car and approached Cullison from behind. Gortarez also said something like, "Fuck you, bitch. You want to fly your colors?" Gortarez then stabbed Cullison in the neck. Cullison took two steps toward Echevarria, then fell to the ground bleeding. Defendant and Gortarez walked back to the maroon car, got in, and drove away, with Gortarez in the driver's seat. Echevarria later identified defendant in an in-field show-up. Cullison was hospitalized as a result of his injuries. He was unable to speak without great difficulty, but was able to identify defendant and Gortarez by pointing to their pictures in photo lineups.

---

[3] The parties stipulated that the transcript from the preliminary examination would suffice as the factual basis for defendant's plea.

Susan Smith was in the parking lot picking up her child when she heard defendant yelling at Cullison and Echevarria. Smith saw defendant spit on Cullison. As Cullison backed up, defendant continued to confront him. Smith saw Gortarez get out of the driver's side of the maroon car, pull something out of his pocket, approach Cullison from behind, and hit Cullison in the neck.

Shortly after the incident, police stopped a maroon Lincoln matching the description of the car involved in the crime. The Lincoln was driven by Gortarez, and defendant was a passenger. A search of the car revealed a screwdriver with a sharpened point in the pocket of the passenger side door.

Gang expert, Detective Perez, testified that, based on defendant's tattoos and his indication of gang association on a jail questionnaire, defendant was an active participant in the Sureño criminal street gang and had been a Sureño gang member for 12 years. Detective Perez noted that, on the day of the stabbing, the victim, Cullison, was carrying a red shirt over his shoulder and had "XIV" tattooed on his arm, both indications of an association with the rival Norteño criminal street gang. Detective Perez testified that gang members commit violent crimes like the stabbing of Cullison here, to instill fear and intimidation in rival gangs and the community at large. In that way, gang members earn respect and enhance their reputation, which in turn benefits the gang.

The trial court denied probation and sentenced defendant to serve 5 years on count 1, plus 10 consecutive years for the gang enhancement, for an aggregate term of 15 years in state prison, as stipulated. The court imposed a restitution fine of $200 (§ 1202.4), a parole revocation fine of $200 (§ 1202.45) stayed pending successful completion of parole, a $30 criminal conviction assessment (Gov. Code, § 70373), and a $40 court operations assessment (§ 1465.8). The court awarded defendant 507 days of presentence custody credits (441 days of actual time credits, plus 66 days of conduct credits).

Defendant filed a timely notice of appeal. The trial court denied his request for a certificate of probable cause. (§ 1237.5.)

4

## II

### *Analysis*

Counsel filed an opening brief that sets forth the facts of the case and requests that we review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days have elapsed, and we have received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.  We do, however, note an error that requires correction.  The trial court orally imposed a $200 restitution fine (§ 1202.4, subd. (b)), and imposed but stayed a $200 parole revocation fine (§ 1202.45). Both fines are reflected in the court's minute order as well as the abstract of judgment. However, "[w]e apply the statutory scheme in existence . . . when defendant committed his [or her] crime." (*People v. Martinez* (2005) 36 Cal.4th 384, 389.)  Here, defendant committed his crime on September 5, 2012.  The version of section 1202.4 in effect at that time mandated imposition of a minimum fine of *$240* for felonies committed after January 1, 2012, but before January 1, 2013, and the version of section 1202.45 then in effect mandated imposition of a fine in an equal amount.  (§§ 1202.4, subd. (b)(1), 1202.45, subd. (a); *People v. Tillman* (2000) 22 Cal.4th 300, 302; *People v. Rodriguez* (2000) 80 Cal.App.4th 372, 375-378.)  Failure to impose the mandatory minimum fines results in an unauthorized sentence that may be corrected in the first instance on appeal. (*Rodriguez,* at pp. 376, 378.)  Therefore, we modify the judgment and direct the trial court to amend the abstract of judgment accordingly.

### DISPOSITION

The judgment is modified by imposing a $240 restitution fine pursuant to Penal Code section 1202.4, subdivision (b)(1), and by imposing but staying a $240 parole revocation fine pursuant to Penal Code section 1202.45.  As modified, the judgment is

affirmed. The trial court is directed to amend the abstract of judgment and to forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation.


                                           HOCH , J.


We concur:


     ROBIE , Acting P. J.


     DUARTE , J.