Filed 5/19/16  P. v. Logston CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | C079710 |
| Plaintiff and Respondent, | (Super. Ct. No. 62135241) |
| v. | |
| RONALD DUANE LOGSTON, | |
| Defendant and Appellant. | |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Having reviewed the record as required by *Wende*, we affirm the judgment but order an amendment of the abstract of judgment, as we shall explain.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

**FACTUAL AND PROCEDURAL BACKGROUND**

A complaint charged defendant Ronald Duane Logston with identity theft (Pen. Code, § 530.5, subd. (a) -- count 1),[1] misdemeanor receiving stolen property (§ 496, subd. (a) -- count 2), and misdemeanor forgery (§ 476 -- count 3).  The complaint also

---

[1]  Undesignated statutory references are to the Penal Code in effect at the time of the charged offenses.

1

alleged six prior prison terms. (§ 667.5, subd. (b).) An amended complaint later added an additional charge of identity theft with a prior. (§ 530.5, subd. (c)(2) -- count 4.) In exchange for a sentencing lid of five years eight months, defendant pleaded no contest to counts 1 and 4, admitted three prior prison terms, and admitted a violation of probation in a prior case. The trial court dismissed the remaining counts and enhancements.

The stipulated factual basis showed that in late December 2014, Lincoln police officers stopped defendant for driving with a suspended vehicle registration. Upon learning defendant was on probation, the officers searched him and found an electronically voided check apparently from the account of J.S. with a business name of Blackhawk Land Partnership (BLP). The officers found another check in the car also owned by J.S. and BLP, and J.S.'s driver's license. A.R., the owner of BLP, informed the officers that neither J.S. nor defendant was authorized to use or possess his business checks. J.S. had reported his wallet stolen three days earlier.

The trial court denied probation and sentenced defendant to county prison for two years on count 1, as the principal term, a concurrent two-year term on count 4, and an additional consecutive one-year term on each of the three prior prison term enhancements, for a total of five years with the final year to be served on mandatory supervision. The court awarded defendant eight days of presentence custody credit. The court imposed a $300 restitution fine (§ 1202.4, subd. (b)), an $80 court operations fee (§ 1465.8), and a $60 conviction assessment (Gov. Code, § 70373).

## *WENDE* REVIEW

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination of the

2

entire record, we find no arguable error that would result in a disposition more favorable to defendant.

We have, however, found an error that requires correction. The trial court imposed a $300 restitution fine under section 1202.4, but did not impose the corresponding revocation fine under section 1202.45, subdivision (b). Where a section 1202.4 restitution fine is imposed and mandatory supervision is ordered, the trial court must also impose a section 1202.45, subdivision (b), mandatory supervision revocation fine and suspend imposition of that fine unless mandatory supervision is revoked. (§ 1202.45, subds. (b), (c); see *People v. Rodriguez* (2000) 80 Cal.App.4th 372, 378.) This resulted in an unauthorized sentence which may be corrected at any time. (*People v. Smith* (2001) 24 Cal.4th 849, 854.)

## DISPOSITION

The judgment is modified to impose a $300 parole revocation fine (§ 1202.45, subd. (b)), which is suspended unless mandatory supervision is revoked. The trial court is directed to prepare an amended abstract of judgment and forward it to the Placer County Sheriff's Office. As modified, the judgment is affirmed.

                                 MURRAY            , Acting P. J.

We concur:


      DUARTE          , J.


      RENNER          , J.

3