Filed 11/18/20  P. v. Clopp CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DAVID EARL CLOPP,<br><br>Defendant and Appellant. | C089877<br><br>(Super. Ct. No. 18CR001649) |

After defendant David Earl Clopp pled guilty to carrying a dirk or dagger, and admitted two prior prison terms, the trial court imposed a sentence of five-years imprisonment and imposed various costs, but suspended execution of the sentence, and ordered defendant placed on formal probation.  Later, after defendant admitted that he violated probation, the trial court terminated probation, triggering execution of the suspended sentence.  On appeal, defendant contends:  (1) we must strike his prior prison term enhancements because of changes to California law while this appeal was pending; (2) the trial court violated due process principles by imposing costs without first

1

determining defendant's ability to pay; and (3) ineffective assistance of counsel in connection with the imposition of a $1500 restitution fine.

We agree with defendant's first contention, disagree with his second contention, and deem moot his third contention, because we reduce the unauthorized amount of the restitution fine. Further, we shall correct other unauthorized aspects of the sentence (concerning costs). Accordingly, after striking the two prior prison term enhancements, and correcting unauthorized costs imposed, we will affirm the judgment as modified.

## I. BACKGROUND

The underlying facts of defendant's crime of conviction are not pertinent to the issues raised on appeal. Simply put, in August 2018, and pursuant to a written plea agreement, defendant pled guilty to carrying a dirk or dagger in violation of Penal Code section 21310.[1] Defendant admitted that he served two prior prison terms within the meaning (at that time) of section 667.5, subdivision (b), arising out of convictions for burglary (§ 459) and making criminal threats (§ 422).

In exchange, a prior strike allegation (§ 1170.12) was dismissed.

At sentencing, the trial court imposed but suspended execution of a term of five years in state prison, consisting of: the upper term of three years for the offense, and one year for each of defendant's two prior prison terms. The trial court placed defendant on formal probation for a period of five years.

Regarding costs, the trial court stated it was adopting the terms and conditions of a probation order prepared for the hearing. That order provided for a restitution fine (§ 1202.4) in the amount of $600, a probation revocation fine of $600 (§ 1202.44), stayed pending successful completion of probation, a $40 court operations assessment (§ 1465.8), and a $30 conviction assessment (Gov. Code, § 70373).

---

[1] Further undesignated statutory references are to the Penal Code.

In May 2019, defendant admitted that he violated probation, and in July 2019, the trial court terminated probation and executed the previously imposed sentence of imprisonment.

Regarding costs, the trial court stated it was adopting the terms and conditions of a probation sentencing recommendation filed by the county probation office, which recommended defendant be ordered to pay—"as originally ordered" at the August 2018 sentencing hearing—a $1,500 restitution fine pursuant to section 1202.4, subdivision (b), and a probation revocation fine pursuant to section 1202.44.

Defendant timely appealed the trial court's July 2019 rulings.

While the appeal was pending, Senate Bill No. 136 (2019-2020 Reg. Sess.) became law and "eliminate[d] the section 667.5 one-year prior prison term enhancement for all prior convictions, except sexually violent offenses." (*People v. Bermudez* (2020) 45 Cal.App.5th 358, 378; see Stats. 2019, ch. 590, § 1.)

## II. DISCUSSION

*A.    Senate Bill No. 136*

Defendant contends we must strike his two 1-year enhancements for prior prison terms, because Senate Bill No. 136 is ameliorative and applies retroactively to his case. This is so, defendant maintains, because Senate Bill No. 136 "appl[ies] to all affected cases not final as of the new law's effective date, January 1, 2020."

The People disagree that defendant is entitled to the benefit of Senate Bill No. 136, because defendant's "conviction, sentence, and enhancements were final once the time for appealing the . . . order granting probation expired," 60 days after the trial court's August 2018 rulings. (Emphasis omitted.)

Defendant did not file a reply brief.

We agree with defendant that his case is not yet final, because the suspended execution of his sentence was a conditional judgment, not a final one.

3

"Absent contrary indications, a law that potentially ameliorates punishment for a particular crime or class of defendants will apply retroactively to all cases *not final* on appeal. ([*People v. Superior Court (Lara)* (2018) 4 Cal.5th 299,] 303-304, 307, citing *In re Estrada* (1965) 63 Cal.2d 740.)" (*People v. Hughes* (2019) 39 Cal.App.5th 886, 894, italics added.)

"[N]either forms of probation—suspension of the imposition of sentence or suspension of the execution of sentence—results in a final judgment. . . . In the case where the court suspends execution of sentence, the sentence constitutes 'a judgment provisional or conditional in nature.' [Citation.] The finality of the sentence 'depends on the outcome of the probationary proceeding' and 'is not a final judgment' at the imposition of sentence and order to probation." (*People v. Chavez* (2018) 4 Cal. 5th 771, 781 (*Chavez*).)

"There is no final judgment in either of these situations because '[d]uring the probation period, the court retains the power to revoke probation and sentence the defendant to imprisonment' under sections 1203.2 and 1203.3. (*Chavez*, *supra*, [4 Cal. 5th] at p. 782.) '[T]he court's power to punish the defendant, including by imposing imprisonment, continues during the period of probation.' (*Ibid*.)" (*People v. Contreraz* (2020) 53 Cal.App.5th 965, 971 (*Contreraz*).)

In *Contreraz*, the court ruled that under *Chavez,* "for retroactivity purposes, suspending execution of [a defendant's] sentence and placing him on probation 'constitute[d] "a judgment provisional or conditional in nature," ' rather than a final judgment, given the court's ongoing authority to revoke, modify, or terminate [a defendant's] probation during the supervision term." (*Contreraz*, *supra*, 53 Cal.App.5th at pp. 971-972.)

Here, in August 2018, the trial court granted probation and imposed a suspended sentence of five years' imprisonment, which included two 1-year enhancements for prior prison terms. Then in July 2019, the trial court terminated probation and executed the

4

sentence imposed in 2018. Under *Chavez* and *Contreraz*, that was when defendant's previously "provisional or conditional" judgment became "final" for purposes of retroactivity under *In re Estrada*. Thus, defendant is entitled to the retroactive application of Senate Bill No. 136's to his sentence that is not yet final on appeal. Because defendant's prior offenses for which prison terms were imposed (burglary and criminal threats) were not sexually violent offenses, he is entitled to the ameliorative benefit of the amendment. (*People v. Bermudez*, *supra*, 45 Cal.App.5th at p. 378.) Therefore, we will strike the two 1-year enhancements for prior prison terms.

## B.      *Dueñas*

Invoking *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), defendant contends the trial court violated due process principles by imposing costs without first determining defendant's ability to pay.

We reject this challenge because we conclude that due process principles do not require determination of a defendant's present ability to pay before imposing the fines and assessments at issue in *Dueñas* and in this proceeding.

Defendant's due process claim hinges on the analysis in *Dueñas*, finding an ability to pay hearing is required before imposing fines and fees, and we are not persuaded that this analysis is correct. Our Supreme Court is now poised to resolve this question, having granted review in *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted November 13, 2019, S257844, which agreed with the court's conclusion in *Dueñas* that due process requires the trial court to conduct an ability to pay hearing and ascertain a defendant's ability to pay before it imposes court facilities and court operations assessments under section 1465.8 and Government Code section 70373, but not restitution fines under section 1202.4. (*Kopp*, *supra*, at pp. 95-96.)

In the meantime, we join several other courts in concluding that the principles of due process do not require determination of a defendant's present ability to pay before imposing the fines and assessments at issue in *Dueñas* and in this proceeding. (*People v.*

5

*Cota* (2020) 45 Cal.App.5th 786, 794-795; *People v. Kingston* (2019) 41 Cal.App.5th 272, 279; *People v. Hicks* (2019) 40 Cal.App.5th 320, 329, rev. granted Nov. 26, 2019, S258946; *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1069; *People v. Caceres* (2019) 39 Cal.App.5th 917, 928.)  Defendant's claim pursuant to *Dueñas* is without merit, invalidating his ineffective assistance of counsel claim on this issue.

 C.　　*Restitution Fines & Right to Effective Assistance of Counsel*

Defendant's final argument is that sentencing counsel provided ineffective assistance by failing to object to imposition of the $1,500 restitution fine.  He argues that because counsel "certainly was aware" that defendant was "mentally impaired, indigent and unable to pay any fine currently or in the future," the "[f]ailure to object fell below the reasonable prevailing norms."

Defendant argues that counsel's failure to object "denied appellant the opportunity to receive a *lesser* fine," as "[a] reasonable probability exists that, but for counsel's errors, the restitution fine imposed would have been *less than* $1,500."  (Emphasis added.)

The People argue that the $600 restitution fine originally imposed by the trial court in August 2018 (not the $1,500 fine later imposed) controls, and therefore we should reduce the restitution fine to $600, and deny the ineffective assistance of counsel because defendant cannot show any prejudice from counsel's alleged failure.

We agree with the People that defendant's claim of ineffective assistance is mooted by our correction of the unauthorized $1,500 fine imposed.  (See *People v. Thiel* (2016) 5 Cal.App.5th 1201, 1218, fn. 7 ["Defendant's additional argument that he allegedly received ineffective assistance of counsel is moot in light of our disposition in this case"].)

Further, we conclude the $1,500 probation revocation fine must be reduced to the $600 amount ordered in August 2018, and a stayed parole revocation fine, equal to the $600 restitution fine, must be imposed.  We shall modify the judgment accordingly.

6

"[A] restitution fine imposed at the time probation is granted survives the revocation of probation," and the trial court is "without statutory authority" to impose a second, different restitution fine when probation is revoked. (*People v. Chambers* (1998) 65 Cal.App.4th 819, 820, 823.)

"[W]here the trial court imposes a section 1202.4 fine, its omission of a concomitant, mandatory parole revocation fine under section 1202.45 in the same amount results in an unauthorized sentence which may be corrected in the first instance on appeal." (*People v. Rodriguez* (2000) 80 Cal.App.4th 372, 378; see *People v. Rosas* (2010) 191 Cal.App.4th 107, 120 [because "the text of section 1202.45 provides that parole revocation fines must be the same as restitution fines under section 1202.4, . . . [a]s section 1202.4 goes, so must section 1202.45"].)

Here, when it granted probation in August 2018, the trial court imposed a restitution fine of $600 and a stayed probation revocation fine of $600. Then, when it terminated probation in July 2019, the trial court adopted an order recommending imposition of a restitution fine of $1,500, and a probation revocation fine of $1,500. This was unauthorized.

Also unauthorized was the trial court's omission of a stayed *parole* revocation fine, pursuant to section 1202.45, in the same amount of the section 1202.4 fine.[2]

Accordingly, we modify the judgment as follows: the section 1202.4 restitution fine is $600; the section 1202.44 probation revocation fine is $600; and the stayed section 1202.45 parole revocation fine is $600.

By our correction of the judgment, defendant's restitution fine is now significantly "less than" the $1500 amount that sentencing counsel did not object to. Accordingly, the

---

[2] The abstract of judgment reflects a $1,500 parole revocation fine. But the sentencing recommendation the trial court adopted does not reference a parole revocation fine, and in any event, the amount is incorrect.

ineffective assistance claim is moot.[3]  (*People v. Thiel*, *supra*, 5 Cal.App.5th at p. 1218, fn. 7.)

### III.  DISPOSITION

The judgment is modified by striking the two 1-year prior prison term enhancements.  The judgment is further modified to reflect a restitution fine of $600, a probation revocation fine of $600, and a stayed parole revocation fine of $600.  In all other respects, the judgment is affirmed.  The clerk of the trial court is ordered to generate an amended abstract of judgment reflecting these modifications and to send a copy to the Department of Corrections and Rehabilitation.

/S/

RENNER, J.

We concur:

/S/

DUARTE, Acting P. J.

/S/

HOCH, J.

---

[3] Defendant does *not* argue either that, had sentencing counsel objected, (a) no restitution fine would have been imposed, or (b) only the statutory minimum restitution fine of $300 would have been imposed.  (See §1202.4, subds. (b)(1) and (c) [a restitution fine must be imposed unless there are compelling and extraordinary reasons for not doing so; inability to pay is not such a compelling and extraordinary reason, but may be considered in determining the amount of the restitution fine in excess of the $300 minimum for felony cases].)