Filed 6/10/22  P. v. Mendoza CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G060290 |
| v. | (Super. Ct. No. 13CF0684) |
| ALBERTO MATT MENDOZA, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Jonathan S. Fish, Judge.  Affirmed in part, reversed in part, and remanded with directions.

Patricia J. Ulibarri, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Steve Oetting, Acting Assistant Attorney General, Eric A. Swenson and Marvin E. Mizell, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

A jury convicted defendant Alberto Matt Mendoza of committing sex offenses against two children and found true related sentencing allegations. The trial court imposed a sentence of 66 years, plus 60 years to life (126 years to life).

Mendoza challenges many aspects of his sentence and argues resentencing is needed due to a recent amendment to Penal Code section 654.[1] The Attorney General concedes there were some sentencing errors and agrees the amendment is retroactive.

Thus, we reverse Mendoza's sentence in part and remand the matter for resentencing with directions. In all other aspects, we affirm the judgment.

I

FACTS AND PROCEDURAL BACKGROUND

In 2007, Mendoza tackled 16-year-old Jane Roe from behind as she was walking home one night. Mendoza got on top of Roe and stuck his finger in her vagina. Roe stabbed Mendoza with a small knife she used for protection, and he ran away.

In 2013, Mendoza picked up 10-year-old Jane Doe from her home (at about 1:30 p.m.), ostensibly to take her to a birthday party. Mendoza was a family friend. As they were walking to his nearby home, Mendoza had Doe drink some juice that tasted like medicine, which made Doe feel dizzy.

At his home, Mendoza told Doe to sit on a couch. Mendoza rubbed lotion on Doe's neck, arms, stomach (under her shirt), and pelvic area (underneath her underwear). Mendoza kissed Doe's earlobes. Doe felt uncomfortable and tried to get up, but Mendoza pulled her down and told her to relax. They walked to a park and when they returned, Mendoza had Doe drink some more liquid that tasted like medicine. Doe fell asleep. When Doe woke up, she felt dizzy. Doe was on the couch with her legs wide open. Mendoza was inches away, zipping up his pants. Mendoza eventually took Doe

---

[1] Further undesignated statutory references are to the Penal Code.

home (at about 10:00 p.m.). Doe was taken to a hospital where she tested positive for a central nervous system depressant.

A jury found Mendoza guilty of six crimes: forcible sexual penetration by a foreign object (Roe), kidnapping for child molestation (Doe), and four counts of child molestation (Doe). The jury also found true two sentencing allegations as to each of the four molestation crimes: kidnapping to commit a sex offense, and a "One Strike" allegation of administering a controlled substance in the commission of a sex offense.

The trial court imposed a total sentence of 126 years to life. As to the determinate term, the court imposed six years for the forcible sexual penetration crime, stayed eight years for the kidnapping crime, and imposed an additional 15 years for each of the four kidnapping enhancements (66 years). As to the indeterminate term, the court imposed 15 years to life for each of the four molestation crimes due to the One Strike controlled substance allegations (60 years to life).

II

DISCUSSION

Generally, we review a trial court's sentencing decisions for an abuse of discretion. (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.) However, an alleged error of law is reviewed de novo. (*People v. Tran* (2013) 215 Cal.App.4th 1207, 1217-1218.)

We hold that the trial court: A) erred by imposing more than one punishment for the four kidnapping enhancements; B) erred by imposing 15 years to life for the four molestation crimes; C) did not err by imposing more than one punishment for the four molestation crimes under section 654; D) erred in the abstract of judgment; and E) must resentence Mendoza on remand due to a recent amendment to section 654.

3

*A. Multiple Punishments for the Four Kidnapping Enhancements*

Mendoza contends the trial court erred by imposing more than one punishment for the four kidnapping sentence enhancements. (§ 667.8, subd. (b).) The Attorney General concedes the error. We agree.

When a defendant is convicted of committing a lewd and lascivious act upon a child under the age of 14 (child molestation), and a jury finds true an allegation that the defendant kidnapped the child "for the purpose of committing that sexual offense," the court must impose "an additional term of 15 years." (§ 667.8, subd. (b).)

However, the statute explicitly provides: "Only one enhancement shall be imposed for a victim per incident." (§ 667.8, subd. (c)(1); *People v. Douglas* (1995) 39 Cal.App.4th 1385, 1392 ["In enacting the kidnapping enhancement, the Legislature intended it to be imposed only once per kidnapping, regardless of how many sexual offenses are committed during the kidnapping"].)

Here, the jury found true four allegations Mendoza kidnapped Doe for the purpose of committing child molestation. The court then imposed an additional term of 15 years for each kidnapping enhancement, for a total of 60 years. However, Doe was the only victim kidnapped by Mendoza, so this was plainly a sentencing error because only one enhancement can be imposed under the statute. (§ 667.8, subd. (c)(1).)

Thus, we reverse three of the four 15-year kidnapping enhancements.

*B. Indeterminate Term of 15 Years to Life*

The Attorney General contends the indeterminate term of 15 years to life for each molestation crime was unauthorized under the One Strike law because the

4

mandatory term is 25 years to life.  (§ 667.61.)  Mendoza concedes the error.[2]  We agree.

There is a separate and distinct sex offender sentencing scheme for defendants who meet its criteria, commonly known as the One Strike law.  (§ 667.61.)  Under the statute, a first-time sex offender who is convicted of a designated crime under certain circumstances is subject to a mandatory indeterminate sentence of 15 years to life, 25 years to life, or life without the possibility of parole.  (§ 667.61, subds. (c)(d)(e) & (n).)  A trial court may not strike any of the circumstances.  (§ 667.61, subd. (g).)

"A person who is convicted of an offense specified in subdivision (c) under one of the circumstances specified in subdivision (e), upon a victim who is a child under 14 years of age, shall be punished by imprisonment in the state prison for 25 years to life."  (§ 667.61, subd. (j)(2).)  Committing a lewd act upon a child under 14 years of age (child molestation), is a crime listed under subdivision (c), and administering a controlled substance to the victim in the commission of the crime is one of the circumstances specified in subdivision (e).  (§ 667.61, subds. (c)(4) & (e)(6).)

Here, the jury convicted Mendoza of four counts of child molestation upon a victim who was under 14 years of age (Doe).  The jury also found true a One Strike circumstance that in the commission of each molestation crime, Mendoza administered a controlled substance.  (§ 667.61, subd. (e)(6).)  The trial court imposed four consecutive terms of 15 years to life.  But this part of Mendoza's sentence was unauthorized because the court was required to impose a term of 25 years to life for each molestation conviction under the One Strike law.  (§ 667.61, subd. (j)(2).)

Thus, we reverse the four indeterminate terms of 15 years to life and direct the trial court to impose terms of 25 years to life for each molestation conviction.

---

[2] An authorized sentence can be raised by either party and can be corrected for the first time on appeal.  (See *People v. Rodriguez* (2000) 80 Cal.App.4th 372, 376; see also *People v. Delgado* (2010) 181 Cal.App.4th 839, 854 ["We may set aside an unauthorized sentence so a proper sentence may be imposed, even if the new sentence is harsher"].)

*C. Multiple Punishments for the Four Child Molestation Crimes*

Mendoza contends the trial court erred by imposing more than one punishment for the four child molestation crimes under section 654. The Attorney General argues there was no error. We agree with the Attorney General.

"An act or omission that is punishable in different ways *by different provisions of law* may be punished under either of such provisions, but in no case shall the act or omission be punished under more than one provision." (§ 654, italics added.) The section 654 proscription against multiple punishments does not bar multiple punishments for multiple violations *of the same* criminal statute. (*People v. Correa* (2012) 54 Cal.4th 331, 340-342.)

Whether a course of conduct is divisible and consequently gives rise to multiple acts within the meaning of section 654 depends on the intent and objective of the defendant, not the temporal proximity (timing) of the offenses. (*People v. Hicks* (2017) 17 Cal.App.5th 496, 514.) "In cases involving sex offenses, courts have found that '[e]ven where the defendant has but one objective—sexual gratification—section 654 will not apply unless the crimes were either incidental to or the means by which another crime was accomplished.'" (*Ibid.*)

Generally, "a person who willfully and lewdly commits any lewd or lascivious act . . . with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child, is guilty of a felony [child molestation] and shall be punished by imprisonment in the state prison." (§ 288, subd. (a).)

Under section 288, each separate act of touching by a defendant with the requisite intent can result in a distinct violation. (*People v. Scott* (1994) 9 Cal.4th 331, 346-347.) For example, if a defendant fondles one area of a victim's body with the requisite intent, and then moves on to fondle a different area, one offense has ceased and another has begun. There is no requirement that the two acts of touching be separated by a period of reflection. (*People v. Jimenez* (2002) 99 Cal.App.4th 450, 455-456.)

6

Here, Mendoza was convicted of four counts of child molestation. (§ 288, subd. (a).) These were all violations of the same provision of law, so the section 654 prohibition against multiple punishments does not apply. (See *People v. Correa*, *supra*, 54 Cal.4th at pp. 340-342.) In any event, Doe testified Mendoza rubbed lotion on her arms, on her abdomen (under her shirt), and on her pelvic area (beneath her underwear). Doe also testified Mendoza kissed her earlobes. These were four separate acts, which each constituted a separate violation of the child molestation statute. (See *People v. Scott*, *supra*, 9 Cal.4th at pp. 346-347.)

Mendoza argues his rubbing of Doe's "arms, abdomen, and pelvic area . . . were pursuant to and facilitated one act of massaging." But Mendoza was not convicted of "massaging"; rather, the jury found Mendoza guilty of committing four acts, which were not incidental to each other; nor were the molestation crimes the means to accomplish some other offense. (Compare *People v. Fields* (1966) 13 Cal.4th 289, 308 [defendant could not be punished for both molestation and rape where the molestation crime (removing the victim's underclothing) was the means to committing the rape].)

Thus, we find the trial court did not commit an error under section 654 by imposing more than one punishment for the four separate crimes of child molestation.

*D. Abstract of Judgment*

Mendoza contends the abstract of judgment does not reflect the trial court's pronouncement of judgment. The Attorney General concedes the error. We agree.

The trial court stayed a midterm sentence for the kidnapping to commit child molestation crime. But the abstract of judgment indicates this was one third of the midterm. The abstract also appears to incorrectly designate the kidnapping enhancement as an indeterminate term (15 years to life) rather than as a determinate term (15 years).

Thus, the trial court is directed to ensure the abstract of judgment accurately reflects its pronouncement of judgment after resentencing.

7

*E.  Recent Amendment to Section 654*

Mendoza contends that a recent amendment to section 654 requires a remand for resentencing.  The Attorney General concedes the issue.  We agree.

The prior version of section 654 provided:  "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the *longest* potential term of imprisonment . . . ."  (Former § 654, subd. (a), Stats.1997, ch. 410, § 1, italics added.)

Effective January 1, 2022, the statute no longer requires a court to punish a defendant under the provision with the longest potential prison term.  It now provides: "An act or omission that is punishable in different ways by different provisions of law may be punished under *either* of such provisions . . . ."  (§ 654, subd. (a), italics added.)

Generally, statutory changes that lessen the punishment, or lessen the possibility of punishment, apply retroactively to defendants whose cases are not yet final. (*In re Estrada* (1965) 63 Cal.2d 740, 744-745; *People v. Francis* (1969) 71 Cal.2d. 66, 76-77 [change in statute from straight felony to "wobbler" applies retroactively].)

The recent amendment of section 654 allows a trial court the discretion to impose a lower punishment; therefore, the change applies retroactively to cases that are still on appeal.  (Accord *People v. Mani* (2022) 74 Cal.App.5th 343, 379-380.)

Here, the jury convicted Mendoza of the crime of kidnapping Doe for child molestation, with a sentencing range of up to 11 years.  (§ 207, subd. (b).)  The jury also found true an allegation Mendoza kidnapped Doe for the purpose of committing a sex offense, with "an additional term of 15 years."  (§ 667.8, subd. (b).)  These two provisions of law were based on the same act (kidnapping Doe), so under the prior version of section 654, the trial court was required to impose the longer punishment under sentencing enhancement.  Now, with the amendment of section 654, the court has

the discretion to choose under which provision of law Mendoza is to be punished.[3]

Thus, we remand the matter for resentencing under section 654, consistent with the other directions set forth in this opinion.


### III

### DISPOSITION

We reverse Mendoza's sentence in part as discussed in this opinion and remand as directed for resentencing.  In all other respects, the judgment is affirmed.


MOORE, J.

WE CONCUR:


O'LEARY, P. J.


GOETHALS, J.

---

[3] The trial court may reconsider all its prior *discretionary* sentencing decisions.  (See *People v. Valenzuela* (2019) 7 Cal.5th 415, 424-425 ["the full resentencing rule allows a court to revisit all prior sentencing decision when resentencing a defendant"].)

9