Filed 2/18/15  P. v. Morgan CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>      v.<br><br>KEVIN LEE MORGAN,<br><br>      Defendant and Appellant. | C076246<br><br>(Super. Ct. No. 09F06211) |

This is an appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

On August 12, 2009, officers arrived at the victim's home on a report of a burglary in progress and saw a truck drive away as the officers got out of their patrol car.  The truck driven by codefendant Jodi Northcutt had been parked in front of the home.  When officers entered the victim's home, they discovered that it had been ransacked.

Defendant Kevin Lee Morgan fled from the scene but he was arrested as was codefendant Northcutt. A search of the truck revealed stolen property.[1]

Defendant entered a no contest plea to first degree burglary (Pen. Code, § 459)[2] and admitted a strike prior (§§ 667, subds. (b)-(i), 1170.12) (2004 first degree burglary) in exchange for a sentencing lid of 12 years and dismissal of the remaining counts with a waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754 (two more counts of first degree burglary and two counts of receiving stolen property).

After denying defendant's request that the court strike the strike prior, the court sentenced defendant to state prison for the upper term of six years, doubled for the strike prior to 12 years.[3]

Defendant appeals. He did not obtain a certificate of probable cause. (§ 1237.5.)

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant.

We find an error in the judgment and in the preparation of the abstract. The court imposed a $2,400 restitution fine but failed to impose the corresponding parole

---

[1] This appeal does not involve codefendant Northcutt.

[2] Undesignated section references are to the Penal Code.

[3] The trial court awarded actual days of 1,602 and then stated that it would "let the jail calculate" defendant's conduct credits pursuant to section 4019 because the judge did not "want to do the math wrong." The conduct credits of 800 days as reflected on the abstract appear correct. The judge has a duty to calculate presentence custody credit including conduct credit, not the jail. (§§ 2900.5, subds. (a), (d), 4019.)

revocation restitution fine (parole fine) in the same amount.  (§ 1202.45.)  The parole fine is mandatory in every case where a prison term includes a period of parole.  (§§ 1202.45, 3000; *People v. Smith* (2001) 24 Cal.4th 849, 851-853; *People v. Rodriguez* (2000) 80 Cal.App.4th 372, 375-376; *People v. Terrell* (1999) 69 Cal.App.4th 1246, 1255-1256.)  When the trial court imposes a restitution fine (§ 1202.4, subd. (b)), its failure to impose a parole fine in the same amount (§ 1202.45) results in an unauthorized sentence which may be corrected for the first time on appeal.  (*People v. Smith, supra*, 24 Cal.4th at p. 853; *People v. Rodriguez, supra*, 80 Cal.App.4th at p. 376.)  We will order the judgment modified accordingly.

Also, the court imposed a $40 court operations assessment (§ 1465.8) but it does not appear on the abstract.[4]  We will order the abstract corrected accordingly.  (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is modified to provide for a $2,400 parole revocation restitution fine, suspended unless parole is revoked.  (§ 1202.45.)  The trial court is directed to prepare an amended abstract of judgment accordingly as well as correcting the abstract to

---

[4]  The trial court's imposition of the court facility fee and the court operations fee was jumbled:  "I'm also going to impose the – this is a mandatory court facility fee of $830 and a mandatory operation – mandatory court operation fee of $40.  I'm sorry.  The court facility fee is $30.  I can't read my own writing.  That seemed awful high."

In the probation report, there is some handwriting, perhaps the judge's, that crosses out the $40 court operations assessment.

Because the $40 court operations assessment is mandatory and applies to every conviction for a criminal offense (§ 1465.8; *People v. Woods* (2010) 191 Cal.App.4th 269, 272), the oral pronouncement prevails here.

include the $40 court operations assessment (§ 1465.8) and to forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation. As modified, the judgment is affirmed.

                                              <ins>BLEASE</ins>, J.

We concur:

      <ins>RAYE</ins>, P. J.

      <ins>MURRAY</ins>, J.