Filed 12/5/23  P. v. Adams CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>DARYL EUGENE ADAMS,<br><br>  Defendant and<br>  Appellant. | B318241<br><br>(Los Angeles County<br>Super. Ct. No. TA155931) |

APPEAL from a judgment of the Superior Court of Los Angeles County, John J. Lonergan, Jr., Judge. Remanded in part with instructions, affirmed in part.

Andrea Keith, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Gary A. Lieberman, Deputy Attorneys General, for Plaintiff and Respondent.

Appellant Daryl Adams pled no contest to willful infliction of corporal injury upon his ex-girlfriend. (Pen. Code, § 273.5.)[1] The trial court imposed sentence, including various fines and fees, but suspended its execution and placed appellant on formal probation. The court subsequently revoked appellant's probation and executed the three-year sentence. Appellant presents two issues in this appeal from the resultant judgment.

First, appellant contends the court erred by imposing fines and fees without first holding a hearing on his ability to pay. We agree with respondent Attorney General that this contention is forfeited due to appellant's failure to request such a hearing below. Second, appellant contends remand is necessary to clarify the nature of a modification to a protective order. Respondent does not oppose this request, which we grant. We accordingly affirm the judgment but remand the matter for clarification of the protective order as well as correction of clerical errors in the abstract of judgment and a minute order documenting the sentencing hearing.

## BACKGROUND

A felony complaint filed November 4, 2021 charged appellant with two felony counts of willfully inflicting corporal injury upon his ex-girlfriend (§ 273.5, subd. (a)), one felony count of making criminal threats (§ 422, subd. (a)), and two misdemeanor counts of willfully disobeying a restraining order (§ 166, subd. (a)(4)).

On December 23, 2021, the prosecution offered and appellant accepted a plea deal. Pursuant to the agreement, appellant pled no contest to one of the section 273.5, subdivision

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

2

(a) charges and the remaining charges were dropped. The offer also included an agreed-upon sentence of the midterm of three years, execution of which would be suspended in favor of a three-year term of formal probation. The agreed-upon sentence also included a domestic violence fund fee (§ 1203.097, subd. (a)(5)(A)) and a protective order directing appellant to stay away from the victim.

The court imposed sentence in accordance with the agreement. Regarding fees and fines, the court stated, "There is a $500 fine to the domestic violence fund. There is a $300 restitution fine, a $40 court operations fee and a $30 criminal conviction assessment. Those you have to pay. There is, however, the $300 probation revocation fine which is stayed upon – permanently upon successful completion of probation. I hope you do successfully complete probation because if you don't, you will be looking at state prison." Neither appellant nor his counsel indicated that appellant lacked the ability to pay the fines and fees or requested a hearing on appellant's ability to pay.

On January 20, 2022, appellant's probation officer filed a supplemental report alleging that appellant violated the protective order. The same day, the trial court ordered probation revoked and issued a bench warrant for appellant's arrest.

The court held a probation violation hearing on February 8, 2022. Appellant admitted the violation. The trial court lifted the suspension and imposed the three-year prison term. Neither the court nor the parties said anything about fees, fines, or appellant's ability to pay. However, the minute order documenting the hearing indicates that the court imposed a $300 restitution fine under section 1202.4, subdivision (b); imposed a $300 restitution fine under section 1202.44; and imposed and

3

stayed a $300 parole revocation restitution fine under section 1202.45.

During the hearing, the prosecutor expressed interest in extending the length of the protective order.  The court stated, "Counsel, . . . the violation was sent to me.  That would be something to take up with the previous judge because I believe counsel has a right to be heard after it's already been issued and going back on a modification.  So I'm not going to make any ruling whatsoever on that because to be honest, I'm not sure you have that right at this stage."  Later, the court reiterated, "if either side wishes to do anything, then I suggest you go to [Department] 14 who issued the order this past December 23rd."  The prosecutor responded that she would like the file sent to Department 14.  The court then stated, "We will send this back to 14.  Then they can do whatever they are going to do."  The appellate record contains a 10-year protective order filed February 8, 2022.  However, it does not contain a reporter's transcript from Department 14 or any other trial court documenting a hearing on the issue.

## DISCUSSION

### I.    Fines and Fees

Appellant contends the trial court erred under *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*) by imposing fines and fees without first holding a hearing to assess his ability to pay them.  He acknowledges that he did not raise the issue below, but contends it is preserved for appeal because the trial court imposed statutory minimum fines and fees.  We conclude the issue is forfeited.

In *Dueñas*, Division Seven of this court held that imposing fines and assessments "upon indigent defendants without a

4

determination that they have the present ability to pay violates due process under both the United States Constitution and the California Constitution." (*Dueñas*, *supra*, 30 Cal.App.5th at p. 1168, fn. omitted.) The same court later held that "a defendant must in the first instance contest in the trial court his or her ability to pay the fines, fees and assessments to be imposed and at a hearing present evidence of his or her inability to pay the amounts contemplated by the trial court."[2] (*People v. Castellano* (2019) 33 Cal.App.5th 485, 490.) Appellant did not challenge the court's imposition of fees in any way, at either his initial sentencing hearing or at his probation violation hearing. "In general, a defendant who fails to object to the imposition of fines, fees, and assessments at sentencing forfeits the right to challenge those fines, fees, and assessments on appeal." (*People v. Greeley* (2021) 70 Cal.App.5th 609, 624.)

Appellant argues that the general rule should not apply here because the court imposed only the minimum fines. We disagree. Prior to *Dueñas*, a defendant could challenge a restitution fine on ability-to-pay grounds only where it exceeded the statutory minimum. (See § 1202.4, subd. (c); *People v. Guitierrez* (2019) 35 Cal.App.5th 1027, 1033.) It has been clear since *Dueñas*, which was decided approximately three years before appellant was sentenced, that such challenges to minimum fines are also permissible. Appellant thus should have been well

---

[2] Our Supreme Court has granted review in *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted Nov. 13, 2019, S257844, on the issue of whether a trial court must "consider a defendant's ability to pay before imposing or executing fines, fees, and assessments," and if so, "which party bears the burden of proof regarding defendant's inability to pay."

aware of the availability of such an objection, and his need to timely raise the issue. Appellant points to *People v. Montes* (2021) 59 Cal.App.5th 1107, 1115-1119 (*Montes*), in which the court remanded the matter for an ability-to-pay hearing despite the defendant's failure to object, and collected other cases doing the same. *Montes*—and many of those cited therein—is distinguishable because the defendant was sentenced prior to *Dueñas* and the sea change it brought to the law. Appellant was sentenced long after *Dueñas* and its progeny. His challenge is forfeited.

## II.     Protective Order

Appellant next contends the matter should be remanded to clarify the basis for the modification of the protective order, because the appellate record does not contain a reporter's transcript of the hearing on the issue.[3] Respondent does not oppose the request. We agree that a limited remand is appropriate.

The trial court's oral pronouncement is the rendition of judgment. (*People v. Mesa* (1975) 14 Cal.3d 466, 471.) "Where there is a discrepancy between the oral pronouncement of judgment and the minute order . . . , the oral pronouncement controls." (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385.) Here, it is not possible to determine what the court's oral pronouncement was, the circumstances under which it was made, or whether it conforms to the protective order in the record. Appellant's notice of appeal asserts that the protective order was "extended to 10 years over objection," but we are not able to review the objection, consider its merits, or otherwise assess the

---

[3]     Appellant's counsel made several unsuccessful attempts to obtain and augment the record with the transcript.

propriety of the extended order.  We are authorized to "order the superior court to settle disputes about omissions or errors in the record" (Cal. Rules of Court, rule 8.155(c)(2)) and do so here.  On remand, the trial court shall hold a hearing regarding the modification of the protective order.

## III.  Clerical Errors

Respondent contends that the record contains several clerical errors that must be corrected.  First, it points to the minute order documenting the February 8, 2022 parole violation hearing, which documents fees and fines not orally imposed by the court at that hearing.  Second, it points out that the judgment does not impose the mandatory $300 parole revocation restitution fine (§ 1202.45). Finally, it notes that the abstract of judgment does not accurately reflect the fines and fees imposed by the court.  We agree that these errors should be corrected.

We have the inherent authority to correct clerical errors, including those in the minute order and abstract of judgment. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)  We also may correct the failure of a sentencing court to impose mandatory fees or fines, as this omission results in an unauthorized sentence that may be corrected at any time.  (*People v. Rodriguez* (2000) 80 Cal.App.4th  372, 376; *People v. Scott* (1994) 9 Cal.4th 331, 354.) We therefore direct the trial court to strike the fees referenced in the February 8, 2022 minute order; to correct the judgment to reflect the imposition of all required mandatory fees and fines; and to correct the abstract of judgment to reflect the imposition of the $500 domestic violence fund fee (§ 1203.097, subd. (a)(5)(A)), the $300 restitution fine (§ 1202.4, subd. (b)), the now-due $300 probation revocation restitution fine (§ 1202.44), the suspended $300 parole revocation fine (§ 1202.45), the $40 court operations

7

assessment (§ 1465.8, subd. (a)), and the $30 criminal conviction assessment (Gov. Code, § 70373, subd. (a)(1)). The court shall forward a copy of the corrected abstract to the Department of Corrections and Rehabilitation.

## DISPOSITION

The matter is remanded for the limited purpose of settling the record regarding the issuance of the 10-year protective order. The court shall also correct the February 8, 2022 minute order, the judgment, and abstract of judgment as set forth above, and forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, J.

We concur:



CURREY, P.J.



MORI, J.

8